CHARLES A. F. MORRIS

*vs.*

THE ST. PAUL AND CHICAGO RAILWAY COMPANY.

*Special Laws of* 1867, *ch.* 1, provides " that the name of the St. Paul and Pacific Railroad Co., and that of any of its branches, or any division or portion of its roads, subject to the control of said company, may be changed by a resolution of the board of directors of said company to any other name or names ; and, upon filing a duly authenticated copy of such resolution in the office of the secretary of state, the said company, or branch, division, or portion of said road, shall be known by the name or names respectively adopted and designated, and the stockholders may increase their directors to any number not exceeding fifteen."

Said company was authorized to construct a branch from St. Paul to · Winona, and thence to the Iowa line, and known as the Winona Branch of the St. Paul & Pacific R. R. Co. On March 19, 1867, the directors of said company resolved that the line of road of said company extending · from St. Paul to Winona, and thence to the Iowa line in the direction of Chicago, be and the same is hereby named the " St. Paul & Chicago Railway," and that the company in its control and management of said railway should act, and be known and designated, as the St. Paul and Chicago Railway Co., which name of said company is hereby ratified and adopted; and a duly authenticated copy of said resolution was filed in the office of the secretary of state.

*Held,* that no resolution passed in pursuance of said act could operate to create another corporation, distinct and different from the St. Paul & Pacific R. R. Co. Its only possible effect, so far as any branch thereof was concerned, would be to change its name if it had one.

Said resolution does not purport to create a distinct corporation. But in so far as it purports to do more than to change the name, (if it had one,) of said line of road from St. Paul to Winona, etc., it was inoperative

Morris v. The St. Paul and Chicago Railway Company.

and void.   The St. Paul and Pacific R. R. Co. was not, therefore, by virtue of said act and resolve, liable to be sued by the name of the St. Paul & Chicago R. R. Co. in respect of a contract, theretofore made, for materials to be used in the construction of said Winona Branch.

This action was brought in the district court for Ramsey county, and, by consent of parties was referred to James Gilfillan, Esq., who reported a judgment for the defendant.   A motion to set aside the report, and for a new trial, was denied by the district court, and judgment was entered for the defendant, from which the plaintiff appeals.

The findings of the referee are stated in the opinion.

J. M. GILMAN, for Appellant.

BIGELOW, FLANDRAU & CLARK, for Respondent.

*By the Court.*—RIPLEY, CH. J.—The referee finds, in substance, that on the first day of June, 1866, plaintiff had a cause of action against the St. Paul and Pacific R. R. Co., a corporation existing under the laws of this state, in respect of its failure to pay for certain railroad ties, pursuant to its contract theretofore made with plaintiff, and which ties were contracted for by said company for the construction of a part of the line, then known as the Winona Branch of the St. Paul and Pacific R. R. Co., (now known as the St. Paul and Chicago Railway,) between St. Paul and Hastings ; and that on the 19th March, 1867, it was resolved by the directors of said company, pursuant to the act hereinafter stated, that the line of road of said company, extending from St. Paul to Winona and thence to the Iowa line in the direction of Chicago, be, and the same is hereby named " The St. Paul and Chicago Railway," and that the company in its control and management of said railway should act and be known and designated as " The St. Paul and Chicago Railway Company," which

name of said company was thereby adopted and ratified; a duly authenticated copy of which resolution was filed in the office of the secretary of·state, on March 20th, 1867.

The reference is to *ch.* 1, *sec.* 1 of *Special Laws* of 1867, which is as follows:

" Sec. 1. That the name of the St. Paul and Pacific Railroad Company, and that of any of its branches, or any division or portion of its roads, subject to the control of said company, may be changed by a resolution of the board of directors of said company to any other name or names; and upon filing a duly authenticated copy of such resolution in the office of the secretary of state, the said company, or branch, division, or portion of said road, shall be known by the name or names respectively adopted and designated in such resolution, and the stockholders may, by resolution, increase their directors to any number not exceeding fifteen."

The Minnesota & Pacific Railroad Company was incorporated by a public act of the territorial legislature, approved May 22, 1857. (*Extra Session Laws*, 1857, *p.* 3.) By *section* 25 of said act, said company was authorized to locate, construct and operate a railroad, with one or more tracks, from Winona, up the valley of the Mississippi river, to St. Paul. All the rights and franchises conferred upon said corporation by said act, were, by an act of the state legislature, (*Special Laws* 1862, *p.* 247,) conferred upon certain persons therein named, who were thereby created a corporation under the name of the St. Paul & Pacific Railroad Company, and this is the corporation with whom plaintiff's contract was made.

The plaintiff is certainly right in saying that the resolution above mentioned did not operate to create another corporation, distinct and different from the St. Paul & Pacific Railroad Company.

In the first place, the act under which it was passed, neither

Morris v. The St. Paul and Chicago Railway Company.

authorizes, nor purports to authorize anything. of the kind. The only possible effect of any. resolution passed in pursuance thereof, so far, for instance, as this Winona branch line is concerned, would be to change the name of that branch, if it had . one.

We need not inquire with the plaintiff, whether such branch could, properly speaking, have a name. If not, then the act would be inoperative, except so far as relates to the St. Paul & Pacific Railroad itself, which certainly had a name.

It is perhaps, however, worthy of notice in this connection, that the act of March 2, 1865, (*Special Laws* 1865, *p.* 40,) extending the time for its completion, authorizing said company to extend and construct its road from Winona to LaCrescent, speaks of the Winona branch as "that portion of said road heretofore known as the St. Paul & Winona Branch."

Such, however, being the only possible effect of any such resolution, this resolution, if it was intended to go any further in its provision, that "the company in its contract and management of said railroad, should act and be known and designated as the St. Paul and Chicago Railway Company," is so far inoperative. The act says that, upon the filing of the resolution, "*the said company*," *i. e.*, if the directors had by the resolution changed its name from the St. Paul & Pacific R. R. to some other name; "*or branch*," *e. g.*, *this* branch, if it had a name, (say the Winona branch,) and the resolution had changed it, (say to the St. Paul & Chicago Railway,) "shall be known by such name." But the law of 1867 does not contemplate that the St. Paul & Pacific Co., without change of its own name, might change the name of one of its branches, and thereafter, by virtue of a resolution to that effect, act, *e. g.*, contract, or sue and be sued, in matters relating to its management of said branch, by the name of the branch.

Whatever the meaning of the resolution may be, however,

it is quite clear that it does not purport to create a distinct corporation. The company, whose directors therein name the line of their road from St. Paul to Winona, the " St. Paul & Chicago Railway," is the same company which is to act, in its management and control of said line of road thus named, by the name of the St. Paul and Chicago Railway company. This is the clear and only sensible construction to be put upon the resolution.

Supposing it to be true, as the defendant says, that under the charter above referred to, and other laws relating thereto, a very simple process has been provided for, whereby the St. Paul and Pacific Railroad may divide itself up into any number of corporations, and specify what shall be the rights, liabilities and powers of the corporations thus formed, the referee does not find that any such process has been gone through with relatively to the Winona branch. The process is stated at the bar to be the issuance by the St. Paul and Pacific road of a special stock, applicable to this branch, for instance. It then enters into an agreement with the holders of such stock, upon the terms of which the rights and liabilities of the new company, formed out of a portion of the old one, wholly depend, and nothing can be presumed about it one way or the other; and we are referred to the act of 1864, (*Gen. Laws* 1864, *p.* 107,) which is said to have been passed with reference to such agreements, and which provides that, " whenever any railroad company in this state, or any division of any railroad company, shall have completed their organization pursuant to the laws creating said railroad company, or the *agreement* or *agreements* under which said division was established, such railroad company, or division of such railroad company, shall be authorized to file in the office of the secretary of state of this state a report of its organization, and also, in case of the

division of an organization, a copy of the agreement or agreements, under which such division was organized."

Granting that this act refers to such agreements as those in question, it does not help us towards any conclusion that such process has been gone through with in respect of this branch, for there is neither allegation nor finding that any such agreement, or copy of organization, has been filed or exists. As therefore we are wholly ignorant whether or not the defendant in this action has ever been organized under this process, or any process, we have no means of knowing whether or not, as defendant says, the act of 1867 was passed to remove a difficulty, which arose upon its organization, resulting from the silence of the act of 1864, upon the question of the meaning of the new corporations carved out of the old St. Paul and Pacific.

It may be, as the defendant says, that the act was meant to authorize the naming by resolution of such new formed divisions when formed ; but our ignorance of the facts disables us from forming any opinion on this point. On their face, certainly, neither the act nor the resolution seems to contemplate the existence of a parent and child, the child the owner of the Winona branch line, but as yet unfortunately nameless; for the first authorizes the name of the St. Paul and Pacific R. R., or any of *its* branches subject to *its* control, to be changed by a resolution of its directors ; and the other purports to give a name to a certain line of road of " said " company, *i. e.*, the St. Paul & Pacific, and to direct how said company shall be known and act in *controlling*, and *managing* it.

The act, therefore, seems to have been but ill adapted to effect what the defendant says was intended.

But with this we have nothing to do. For the purposes of this case, it is sufficient that while, as we have said, we have here no proof of a distinct being, carved out of the St. Paul

and Pacific Railroad Company, and responsible or not for *this* liability, according to the terms of the agreement of division, it is also quite plain that the effect of said act and resolution are not, as plaintiff contends, that, in so far as the distinct lines of road owned by the St. Paul and Pacific road are concerned, it might thenceforth contract and be contracted with, sue and be sued, under distinct names. The whole effect of the act and resolution is, as we have said, that whereas the company had theretofore owned a line of road, named the St. Paul and Winona Branch, if such was in law its name, it would thereafter own a line of road named the St. Paul and Chicago Railway.

There is no more reason for thinking that it could thereafter be sued by that name, in respect of matters pertaining to said line, than for thinking that it could have, therefore, been sued for matters pertaining to said " St. Paul and Winona Branch," by *that* name.

The plaintiff's cause of action was against the St. Paul and Pacific Railroad Company, and nothing in the act or resolution enables him to maintain an action against it by any other name.

If the summons in this action had been served upon the St. Paul and Pacific Railroad Company, and that corporation had appeared and defended without pleading misnomer in abatement, a different question would present itself. Upon whom the summons was served does not appear. The answer is sworn to by Henry Acker, secretary of the St. Paul and Chicago Railway Company, and the defense is made by gentlemen who describe themselves as attorneys for the Chicago and St. Paul Railway Company.

Who or what the defendant is, does not appear; but it is very plain that the corporation, or unincorporated organization, or whatever the body may be, against which this action is

brought, and which makes this defense, is *not* the St. Paul & Pacific R. R. Co., against which corporation only, in the facts before us, the plaintiff has any cause of action. The referee's conclusion of law, that the plaintiff has not, by reason of said facts, any claim against defendant, was therefore a correct one.

Judgment appealed from affirmed.