JAMES J. RUDDY, Appellee, *vs.* DONALD J. McDONALD, Appellant.

*Opinion filed April 21, 1910.*

1. APPEALS AND ERRORS—*when decree will not be disturbed on appeal.* Where the testimony in a mechanic's lien proceeding is conflicting and the chancellor has confirmed the finding of the master, the Supreme Court will not disturb the decree unless it is clearly against the weight of the evidence.

2. MECHANICS' LIENS—*contractor entitled to lien if he substantially performs his contract.* A building contractor who obligates himself to follow the plans and specifications of the architect can not be held responsible for defects in the plans or specifications, and if he has by honest endeavor substantially performed the contract he is entitled to a lien under the statute.

3. SAME—*contract construed as not requiring contractor to improve upon plans.* A contract to install a heating plant, which provides that the contract shall be for "a complete and perfect job, even though every item required to make it such is not specially noted in the drawings or these specifications," and that the contractor "shall furnish all labor, tools and appliances necessary to complete his work according to these specifications, and shall perform his work in a true workmanlike manner in every particular and thus provide the building with a durable and mechanically perfect system," does not require the contractor to improve upon the plans in order to make a mechanically perfect system.

4. TRIAL—*objection that a question is leading should be made when question is asked.* An objection that a question asked of a witness is leading and suggestive should be made upon that ground when the question is asked, and if not so made it is waived.

5. INTEREST—*when decree may allow interest from date of the master's report.* Under section 3 of the Interest act the chancellor, upon confirming the master's report in a mechanic's lien proceeding, may include in the decree five per cent interest upon the amount found due by the master, computed from the date of the filing of the report to the rendition of the decree.

6. COSTS—*shorthand reporter's fees for taking testimony before the master cannot be taxed as costs.* Fifteen cents per hundred words for taking testimony may be allowed to the master in chancery whether he transcribes it himself or employs a shorthand reporter, but the fee of the shorthand reporter cannot be taxed as costs, as the statute concerning shorthand reporters in circuit courts does not pertain to taking testimony before the master.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. L. C. RUTH, Judge, presiding.

C. I. McNETT, and JAMES MAHER, for appellant.

E. M. MANGAN, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the Second District affirming a decree of the circuit court of Kane county.

Appellee, James J. Ruddy, filed his bill against appellant to enforce a mechanic's lien. Early in the year 1904 appellant began the erection of a dwelling house according to plans and specifications drawn by architects employed by him. The contract for the plumbing and the installation of the heating apparatus, with the exception of the boiler, was let separately upon written bids. Appellee submitted bids to do the plumbing work for $846 and to put in that part of the heating apparatus specified for $760, the bids being based upon the plans and specifications as prepared by the architects and furnished him by appellant. He was the lowest bidder, and the contract was awarded to him in June or July of that year. A written contract was prepared by the architects and executed by appellee but was never executed by the appellant. Appellant, however, was present when the bids were opened and personally awarded the contract to appellee upon his bids. The contract relied on here consists of the plans and specifications, the written bids and the oral acceptance. The plumbing was put in and the heating apparatus installed under this contract and the same was accepted and approved by the architects in December, 1904. No objection was made by appellant to the plumbing and no effort made on the hearing to show that the contract in reference to the plumbing was not properly

performed. Appellee claimed to be entitled to compensation for certain extra work done and material furnished in connection with the work done under this contract at the request of appellant; also for amounts due under two oral contracts made between him and appellant, one for the installation of a plant for the heating of appellant's creamery and the other for the installation of a water lift. Upon the original contract appellant had paid appellee the sum of $500. Appellant by his answer denied that appellee had any right to a lien, and denied that the contracts, except the contract in reference to the plumbing, had been performed by appellee. The cause was referred to a special master to take the testimony and to report his conclusions thereon. The master took the testimony and reported the same, together with his conclusions, to the court. He disallowed a part of the claim for extras and the claim for the water lift and made a slight deduction on account of the failure of appellee to put in the exact amount of radiation specified, and found that there was due from appellant to appellee on these contracts the sum of $1294.65, for which sum he found appellee was entitled to a lien, subject to the prior lien of a mortgage held by the Northwestern Mutual Life Insurance Company, and recommended that a decree be entered in accordance with such findings. Appellant filed numerous objections to the report of the master while the same was still in his hands, which were overruled. These objections were treated as exceptions before the court. Upon the hearing on the exceptions the same were overruled by the court and a decree entered in accordance with the findings and recommendations of the special master, giving appellee a lien upon the premises for the sum of $1353.65, being the amount found due by the master together with interest at the rate of five per cent per annum from the date of the filing of the master's report to the time of the rendition of the decree. Appellee did not object to any of the findings of the master, hence

the action of the master in making his deductions from the claim of appellee is not presented for review.

Appellant contends that appellee did not install the heating plant according to the plans and specifications, and on account of his failure to comply with his contract in that respect is not entitled to a lien on the premises. Considerable testimony was taken before the special master in reference to the manner in which the heating plant was constructed and as to its efficiency. This testimony was sharply conflicting. The larger part of the argument of the appellant is taken up with an attempt to show that the findings of the master on that question are not supported by the weight of the evidence. There is evidence in the record to support each finding made. The chancellor, upon exceptions to the report, has confirmed the findings of the master in every particular. Where the evidence is conflicting and the chancellor has confirmed the findings of the master, this court will not disturb the decree unless it is clearly and manifestly against the weight of the evidence. (*Siegel* v. *Andrews & Co.* 181 Ill. 350; *Duncan* v. *Duncan*, 203 id. 461; *Treloar* v. *Hamilton*, 225 id. 102; *Day* v. *Wright*, 233 id. 218; *Champion* v. *McCarthy*, 228 id. 87.) We have examined this record carefully, and while we find the testimony very conflicting upon the matters in controversy in reference to the performance of the contract as to the heating plant, we cannot say that the weight of the evidence is clearly and palpably against the findings of the decree.

Appellant insists that appellee is not entitled to a decree upon the mere finding that he has installed the heating plant in substantial compliance with the plans and specifications, for the reason that the specifications for the heating plant contained the following provisions: "The contract, when awarded, will be for a complete and perfect job, even though every item required to make it such is not specially noted in the drawings or these specifications," and "con-

244—32

tractor shall furnish all labor, tools and appliances neces-
sary to complete his work according to these specifications,
and shall perform his work in a true workmanlike manner
in every particular and thus provide the building with a
durable and mechanically perfect system, and should any
defects in his work appear, contractor shall remedy such
defects at his own cost within a reasonable time after re-
ceiving a written notice of same." Appellant argues that
on account of these provisions in the specifications appellee
is not entitled to a lien upon a mere substantial compliance
with his contract, but that he must install a system that is
absolutely complete, durable and mechanically perfect, even
though in so doing he should be required to furnish labor
and material not indicated by the drawings and specifica-
tions or should be required to deviate from the drawings
and specifications themselves. We do not think this is a
fair interpretation to put upon the conditions contained in
the specifications. They were undoubtedly meant only to
require the contractor to supply anything which might be
omitted in the drawings and specifications themselves neces-
sary to make a mechanically perfect job according to the
general plan outlined in the drawings and specifications.
We do not think it could be seriously contended that if
the plans and specifications were so prepared and drawn, in
their general design, as to provide for a job which would
not be mechanically perfect and which could not give sat-
isfactory results, the appellee would be denied his statutory
lien upon showing that he had complied with the plans and
specifications as detailed and agreed upon. These plans
and specifications were presented to appellee by appellant
as showing the general design of the heating system and
the exact manner in which appellant desired to have it in-
stalled, and upon the acceptance of the bid became a part
of the contract. Appellee did not contract to improve upon
the plans of appellant and his architects but did obligate
himself to follow them. He cannot be held responsible for

any fault in architecture, but can be held for faulty workmanship and faulty material or a failure to comply with the plans. Where a contractor has by honest endeavor substantially performed his contract he is entitled to a lien under the statute. (*Fish* v. *Stubbings,* 65 Ill. 492; *Hayes* v. *Hammond,* 162 id. 133.) Under the provisions in the specifications above quoted, appellee was only required to prove substantial compliance with the plans and specifications in order to be entitled to a lien.

It is urged that the proof made by appellee in regard to the extras was incompetent and improper and that he has failed to establish his case in that particular. This proof was made by appellee himself and by the witness Walters. The items for extras consisted of charges for labor and for various materials furnished. During his examination appellee testified as to each of these items. He was asked, upon his examination in chief, whether the charge made for each particular item was fair and reasonable. This was objected to, on the ground that the inquiry ought to be as to whether the charge was the usual and customary one. The master in each instance sustained the objection but the answers were allowed to go in subject to the ruling. Upon cross-examination appellee testified that all the charges made for labor were the usual and ordinary charges, and, as to many of the items for material furnished, that the charges were the usual and ordinary charges at that time for that material. Objection is further urged here that the questions asked of this witness on his direct examination were improper for the reason that they were leading and suggestive. That ground of objection was not stated at the time the questions were asked and objections made and was therefore waived. Upon examination of the witness Walters objections to questions along this same line were made upon the ground that they were leading and suggestive. Those objections were well founded. Appellant offered proof on the question of the value of the

extras, and we are of the opinion that there is sufficient competent evidence in the record to support the finding of the master allowing for extras furnished.

Appellant urges that appellee did not comply with his contract in reference to heating the creamery, and for that reason this decree should be reversed. That contention has been answered by what we have already said in reference to the effect of the findings of the court in regard to matters in dispute. The court found against appellant as to both the terms of this special contract and as to its performance. There was a conflict in the testimony on those points, but we do not feel warranted in holding that the finding of the decree was erroneous in that regard.

By its decree the court allowed appellee interest from the date of the filing of the report to the date of the decree upon the amount found due by the master, and appellant assigns this action of the court as error. Section 3 of chapter 74, Hurd's Revised Statutes of 1908, which was in force at that time, provides that when any judgment is entered upon any award, report or verdict, interest shall be computed at the rate of five per cent per annum from the time such report is made or rendered to the time of rendering judgment upon the same, and made a part of the judgment. Under this section of the statute the court was authorized to compute interest at the rate of five per cent per annum from the date of the filing of the report of the special master to the date of the entering of the decree and to add the same to the amount found due by the master. There was no error in this action of the court.

It is finally contended that the court erred in ordering that the clerk tax as costs the fee of the shorthand court reporter for making a transcript of the testimony taken before the master. We think there is merit in this contention. "It has been repeatedly held in this State that nothing can be allowed and taxed as costs by the clerk or the court but items of cost designated by the statute to be so

allowed and taxed." (*Wilson* v. *Clayburgh,* 215 Ill. 506.)
There is no authority for the taxing of the fee of a short-
hand reporter for transcribing the testimony taken before
the special master as costs in this case. Section 20 of the
Fees and Salary act provides that masters in chancery shall
be allowed fifteen cents per one hundred words for taking
and reporting testimony under order of the court. This
is the only authority given by the statute for the allow-
ance of any sum and the taxing of the same as costs for
the taking and transcribing of testimony before masters in
chancery, except in counties of the third class, to which
class Kane county does not belong. This allowance can
only be made to the master, and he is entitled to it whether
he transcribes the testimony himself or procures a short-
hand reporter to do it under his supervision. (*Hoops* v.
*Fitzgerald,* 204 Ill. 325.) If a shorthand reporter is em-
ployed, either by the master or by a party to the suit, to
take down and transcribe, under the supervision of the mas-
ter, the testimony taken before a master in chancery in a
suit in any county except of the third class, he must look
to his employer for his compensation. It is urged by ap-
pellant that this action of the court was warranted by sec-
tions 82*a* and 82*b* of chapter 37, Hurd's Revised Stat-
utes of 1908, which provide for the appointment by circuit
courts of shorthand reporters and for the taxing as costs
of the fee of such reporters in transcribing testimony un-
der circumstances therein designated. This statute in no-
wise pertains to the taking of testimony before a master in
chancery and cannot be so construed. The decree of the
circuit court so far as it relates to the taxing of the fee of
the shorthand reporter as costs is erroneous.

The judgment of the Appellate Court is affirmed, ex-
cept as to the taxing as costs of the fee of the shorthand
court reporter for making a transcript of the testimony
taken before the master, and as to that provision the judg-
ment of the Appellate Court and the decree of the circuit

court are reversed and the cause is remanded to the circuit court, with directions to enter a decree in conformity with the views expressed in this opinion. Each of the parties shall pay one-half of the costs of this appeal.

*Reversed in part, with directions.*