## Minnie Martinet, Appellant v. Elmer D. Duff et al., Appellees.

### Gen. No. 17,099.

1. MORTGAGES—*absolute deed.* Before a warranty deed absolute in form, purporting to convey the fee and containing no defeasance clause, is declared by a court of equity to be a mortgage on parol evidence, such evidence must be clear, strong, definite, unequivocal, convincing and satisfactory.

2. MORTGAGES—*evidence.* Where a bill is filed in chancery to have a warranty deed of the ordinary statutory form declared to be a mortgage, the burden of overcoming the presumption that

the deed is what it appears to be rests on the complainant and is not overcome by a mere preponderance of the evidence.

3. MORTGAGES—*deed absolute in form.* Where a bill is filed to have a deed absolute in form declared to be a mortgage, there must be an existing debt or obligation which the grantee in the conveyance can enforce by way of foreclosure proceedings.

4. APPEALS AND ERRORS—*findings of fact.* The findings of fact of the master in chancery are not set aside by a court of review where the evidence is conflicting unless they are clearly, palpably and manifestly against the weight of the evidence.

Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed March 12, 1913.

LEWIS EDWARD DICKINSON, for appellant.

D. I. JARRETT, for appellees.

MR. JUSTICE GRAVES delivered the opinion of the court.

This suit was begun by appellant by filing her bill in chancery to have a deed absolute in form declared to be a mortgage. Issues were joined and the cause was referred to a master in chancery to take proofs and report his conclusions on the issue, "Was the deed executed by the complainant July 18, 1908, conveying certain real estate in the bill of complaint described, an absolute deed, or intended only as a mortgage, as alleged by the complainant?" The master took the evidence, heard the arguments of counsel for the respective parties, and found that appellant had failed to establish her bill by her proof, and recommended that the bill be dismissed for want of equity. Sixty-four objections, filed before the master by appellant to his findings, were overruled, and were later re-argued before the chancellor as exceptions to the master's report, and were overruled by the chancellor, who confirmed the master's report and entered a decree in which it is recited that the court finds that the deed in question was an absolute conveyance of the real

estate described therein, was not intended to be and was not a mortgage, and on such finding dismissed the bill for want of equity.  The deed in question was the ordinary statutory form of warranty deed, and the presumption is that it is what, on its face, it appears to be.  The burden of overcoming that presumption rests on the person who asserts the deed to be a mortgage, and is not overcome by a mere preponderance of the evidence.  Heaton v. Gaines, 198 Ill. 479; Gannon v. Moles, 209 Ill. 180; May v. May, 159 Ill. 209.

Before a warranty deed, absolute in form, purporting to convey the fee and containing no defeasance clause, will be declared by a court of equity to be a mortgage on parole evidence, that evidence must be clear, strong, definite, unequivocal, convincing and satisfactory.  Ryder v. Ryder, 244 Ill. 297, 311, 312; Keuper v. Mette's Unknown Heirs, 239 Ill. 586, 592; Burgett v. Osborne, 172 Ill. 227, 241; Keithley v. Wood, 151 Ill. 566, 573; Fisher v. Green, 142 Ill. 80, 87.  See also Coyle v. Davis, 116 U. S. 108; Cadman v. Peter, 118 U. S. 73.

There must be an existing debt or obligation which the grantee in the conveyance can enforce by way of foreclosure proceedings.  Rue v. Dole, 107 Ill. 275, 281; Fisher v. Greene, *supra;* Heaton v. Gaines, 198 Ill. 479, 489; Gannon v. Moles, 209 Ill. 180, 191; Burgett v. Osborne, *supra;* Bacon v. National German-American Bank, 191 Ill. 205, 209; Crane v. Chandler, 190 Ill. 584, 589; Caraway v. Sly, 222 Ill. 203, 206.

On questions of fact the findings of the master in chancery, who saw the witnesses and heard them testify and whose findings have in all respects been confirmed by the chancellor, while, perhaps, not entitled to the same weight in an appellate tribunal as the findings of a jury, will not be set aside by such tribunal where the evidence is conflicting, unless they are clearly, palpably and manifestly against the weight of the evidence.  Ruddy v. McDonald, 244 Ill. 494; Trel-

oar v. Hamilton, 225 Ill. 102; Keuper v. Mette's Unknown Heirs, 239 Ill. 586-593.

Appellant relies for a reversal of the decree on the claimed fact that the findings of the master and chancellor are manifestly against the weight of the evidence.

The evidence in this case is very voluminous. The master's report, including the evidence, his findings, and the objections filed thereto, comprise about 250 pages of single-spaced typewriting, or what would ordinarily amount to 500 pages of typewritten matter. The so-called abstract can hardly be described and must be seen to be appreciated. It does not conform to rule 19 of this court, and is of no use whatever as an abstract, or even as an index to the record. We have, therefore, been forced either to affirm the order for want of a sufficient abstract, or to laboriously search through the record to find what the proof shows. We have pursued the latter course and find there is a sharp conflict in the evidence as to nearly all, if not all, of the material questions of fact involved, but that upon the whole record the master and the chancellor were warranted in holding that the averments of the bill were not supported by proof of the character necessary to warrant a finding that the deed in question was intended to be or was a mortgage. If we have failed to find all the evidence in the record offered by appellant, and which, it is claimed, supports appellant's contention, it is the fault of the insufficient abstract.

Finding nothing in the record to warrant this court in holding that the decree of the Superior Court is manifestly wrong on the facts, the same is affirmed.

*Decree affirmed.*