Frances Govekar, Appellee, v. David J. Kweder, Appellant.

Adele Kweder, Appellant, v. Henry Wong, Appellee.

Gen. No. 9,316.

Opinion filed June 22, 1938. Rehearing denied July 22, 1938.

GERALD C. SNYDER and J. A. MILLER, both of Waukegan, for appellants; HENRY D. FISHER and LEWIS D. CLARKE, both of Waukegan, of counsel.

GEORGE S. McGAUGHEY, of Waukegan, for appellees.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellee Frances Govekar filed her suit against David J. Kweder for damages for personal injuries sustained by her as the result of a collision between an automobile in which she was riding, with one then being operated by appellant David J. Kweder. Appellee Frances Govekar was riding as a passenger in a car then being operated by one Henry Wong. Following the institution of this suit by appellee Frances Govekar against appellant David J. Kweder, Mrs. Adele Kweder, wife of Mr. Kweder, who was riding with him at the time of the accident, instituted her suit against the said Henry Wong, for personal injuries sustained by her as a result of the collision. The two cases were consolidated for trial and heard by jury. The jury returned a verdict in favor of appellee Frances Govekar and against appellant David J. Kweder, for $1,800; and returned a verdict of not guilty in the case of *Adele Kweder v. Henry Wong.* Following the usual motions, the court entered judgment on the verdicts. Appellant David J. Kweder complains of the judgment against him for $1,800, obtained by the appellee Frances Govekar, and the appellant Adele Kweder complains of the verdict of not guilty in her action against Henry Wong. Appellant David J. Kweder assigns five reasons why the judgment against him should be reversed. All of the reasons assigned go toward the evidence and questions of fact, except number four, which is directed toward the third instruction given on behalf of appellee Frances Govekar. Appellant Adele Kweder assigns four reasons why the judgment for the defendant Henry Wong in her case, should be reversed. Her four reasons assigned are all directed toward questions of

fact. Thus we find that all errors assigned for reversal by both appellants are directed toward the evidence (each appellant claiming that the verdict in his respective case is against the manifest weight of the evidence), with the exception of the fourth ground for reversal urged by appellant David J. Kweder, which is directed toward appellee Frances Govekar's third instruction.

On the evening of December 3, 1936, at about nine o'clock, appellee Frances Govekar was riding in an automobile then being operated by Henry Wong. The car was proceeding north on Adams street in the city of North Chicago, approaching the intersection of Adams and 10th streets. The appellant David J. Kweder was operating his car westward on 10th street and approaching the intersection of that street with Adams. The two cars collided at this intersection with resulting injuries as claimed by the respective plaintiffs below. Appellee Govekar claims that her injuries were sustained as a direct and proximate result of the negligence of appellant David J. Kweder. This appellant, by his answer, denied the negligence charged. Appellant Adele Kweder, by her complaint, charged that she sustained certain injuries as a result of the collision, which she alleged were received as the direct and proximate result of the negligence of Henry Wong. The appellee Wong, by his answer, denied the negligence charged.

The only witnesses to the accident were the occupants of the respective cars. In the car being operated by Henry Wong, were appellee Frances Govekar and her two daughters Rosalie and Antoinette. In the car being operated by appellant David J. Kweder were his wife, Adele, and a friend, Mrs. Stanley Kondrath. The evidence of Henry Wong is to the effect that there was a stop sign on Adams street at the 10th street intersection; that he approached this place slowly, stopped his

car about two feet south of the south curb line of 10th street, and looked both east and west; that he saw no cars near the crossing; that he then engaged his car in low gear and started across 10th street; that he next shifted into second gear, and was slowly proceeding across the intersection, when he saw the lights of a car approaching from his right (east); that these lights were about 75 feet away when he first saw them; that they were approaching rapidly, and the car he thus saw coming, continued approaching him in a direct line, striking his car at the place of the right rear fender, at a time when the front part of his car had passed beyond the north curb line of 10th street. The other evidence on behalf of appellee Govekar supports this version of the accident.

The testimony of appellant Adele Kweder is to the effect that the car in which she was riding was proceeding slowly; that she saw the Wong car slowly approaching the intersection as though it was going to stop; that she looked away and when she looked back again, the collision occurred.

The evidence of appellant David J. Kweder is to the effect that he saw the Wong car slowly approaching the intersection; that it did not stop as claimed by Wong, but continued upon its course and drove out into 10th street directly in front of his car; and that the pavement was icy and slippery.

The jury saw and heard the witnesses testify, likewise the trial court, who entered judgments upon the verdicts. After an examination of the record, we are not disposed to disturb the verdicts on the facts.

The objection of appellant David J. Kweder, to the giving of Instruction No. 3 on behalf of appellee Frances Govekar, is not open to review. This is the only instruction appearing in the abstract. It has long been the established rule that errors assigned with reference to the giving or refusing of instructions,

whether upon the part of the plaintiff or the defendant, will not be reviewed in a court of appeal unless all the instructions are fully set out in the abstract. *Madison v. Wedron Silica Co.*, 352 Ill. 60, 62, 63; *People v. Heywood,* 321 Ill. 380, 384; *City of Roodhouse v. Christian,* 158 Ill. 137; *Thompson v. People,* 192 Ill. 79; *Village of Downers Grove v. American Surety Co.*, 218 Ill. App. 608, 615, 616.

The respective judgments herein are each affirmed.

*Judgments affirmed.*