678

Elmer Harrison, Appellee, v. Mervin Harrison et al., Appellants.

Gen. No. 10,027.

Heard in this court at the May term, 1945. Opinion filed October 22, 1945. Released for publication November 12, 1945.

W. C. OVERBECK, of Henry, and CLYDE MITCHELL, of La Salle, for appellants.

CHARLES P. GREEN, of Henry, and BLACK, BLACK & BORDEN, all of Peoria, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

In 1912 Mary Elizabeth Harrison died, testate, possessed of the real estate that is the subject matter of this suit. Her will was properly admitted to probate in Stark county, Illinois. Under said will, a life estate was devised to the sister and brother of the testatrix with the vested remainder in equal shares to her nephews and niece, namely, Elmer Harrison, Mervin Harrison the appellant, and Hilda Darling. The surviving life tenant died in April 1938, and upon his death, appellant, Mervin Harrison went into possession of the property.

On September 9, 1941, Elmer Harrison filed his complaint in the circuit court of Marshall county consisting of two divisions, one for the construction of the mother's will, with which part of the complaint we are not concerned in this appeal. Under the second part of the complaint the appellee, Elmer Harrison, alleged that on March 20, 1926, he borrowed of his brother, Mervin Harrison, the sum of $120, which he used to purchase an artificial leg; that as security for said sum, he conveyed by a quitclaim deed to the appellant, Mervin Harrison, an undivided one-third interest in the real estate, consisting of 40 acres, described in the complaint; that since the death of the life tenant in April 1938, Mervin Harrison has been in possession of said property collecting the rents and appropriating the same to his own use; that appellee is willing that his share of the rent so collected, be applied upon his obligation of $120 to the said Mervin Harrison, and that said Mervin Harrison account for the balance; that the court decree that the deed so given be declared a mortgage and appellee be decreed to be the equitable and legal owner of an undivided one-third part of said real estate. The com-

plaint prayed for a partition of the premises and for an accounting by Mervin Harrison.

To this complaint, Mervin Harrison filed his answer in which he asserted that there was no debt between him and his brother existing prior to, or after the execution of the deed, and that he purchased an undivided one-third interest in said real estate of the appellee for the sum of $220 and took appellee's deed therefor. The cause was referred to the master in chancery to take proofs and report his conclusions of law, and fact. Prior to the master filing his report, appellant was granted leave to file an amended answer in which it is claimed there was a latent ambiguity in the description of the property in his mother's will. This misdescription was corrected by agreement between the parties, as it is not an issue in this appeal. The amended answer further charges that appellant purchased of appellee all his interest in the real estate here involved, and at the same time gave appellee a repurchase contract under which appellee had an option to repurchase a one-third interest in said real estate on the payment of the ·sum of $220 together with interest, within two years of March 20, 1926, and appellee having failed to pay the said sum, his interest under said contract terminated. An affidavit of the appellant that the contract was mislaid or lost, was attached to the amended answer.

The master filed his report and found the deed in question was given as security for a debt. To this report, appellant filed objections, which were overruled, and exceptions filed in the circuit court. Before the court rendered a decision on the exceptions to the master's report, Mervin Harrison again obtained leave of court to file his second amended answer in which he asserted that he had found the lost contract, and set forth the same in haec verba in his answer. He also interposed the statute of limitations

and laches as special defenses. The plaintiff filed a reply in which he denied signing the contract set forth in the appellant's secondly amended answer. The cause was again referred to the master who found that the deed and contract constituted a mortgage rather than a sale, and option to repurchase, and that appellee had a one-third interest in the real estate, and was entitled to partition.

Objections to the report were again filed, and overruled, and the same ordered to stand as exceptions before the court. The exceptions were overruled by the court, and a decree entered in conformity with the master's report. The decree found that Elmer Harrison had an undivided one-third interest and appellant, Mervin Harrison, an undivided two-thirds interest in the real estate in question, and ordered partition of the same. Judgment was entered in favor of Elmer Harrison for the sum of $96.01 representing rentals from the real estate. It is from this decree that an appeal has been prosecuted.

It is insisted by the appellee that appellant has waived all rights to appeal from the decree of the court, because he failed to argue the exceptions and failed to submit a written brief in support thereof. The failure of the attorney for the appellant to argue the exceptions before the trial court does not deprive the appellant of his right to insist upon them in this court. The attorney, in failing to argue the exceptions, was of no assistance to the trial court in passing upon the questions raised, but the failure to argue the same or file a brief in support of his exceptions, did not constitute a waiver or an abandonment of them.

The evidence contained in the record is voluminous, and a great deal of the same appears to us to relate to immaterial matters. The appellant produced a written document under seal of the parties to this litigation, whereby it is expressly stated: "ARTICLES OF

AGREEMENT, Made this 20th day of March A. D. 1926, between Mervin Harrison, party of the first part and Elmer Harrison, party of the second part:

"Witnesseth, That if the party of the second part shall first make the payments, and perform the covenants hereinafter mentioned on his part to be made and performed the said party of the first part hereby covenants and agrees to convey and assure to the said party of the second part, by a good and sufficient deed, the lot, piece, or parcel of ground, situated in the County of Marshall and State of Illinois, known and described as the; (Property here described same as in controversy,) and the said party of the second part hereby covenants and agrees to pay to the said party of the first part the sum of One Hundred twenty dollars, in the manner following: One Hundred twenty dollars on or before the 20th day of March A. D. 1929. The interest to be re-conveyed by the said Mervin Harrison is to be the only interest that Elmer Harrison has in and to the premises, and the interest that Elmer Harrison has in and to said premises, and the interest that Elmer Harrison has this day conveyed to the said Mervin Harrison, with interest at the rate of seven per centum per annum, payable annually on the whole sum remaining from time to time unpaid, and to pay all taxes, assessments, or impositions that may be legally levied or imposed upon said land, to the year. And in case of failure of said party of the second part to make said payment or any part thereof, or perform any covenants on his part hereby made and entered into, this contract shall, at the option of the party of the first part, be forfeited and determined, and the party of the second part shall forfeit all payments made by him on this contract, and such payments shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by him sustained, and he shall have the right

to re-enter and take possession of the premises aforesaid. That said Elmer Harrison has this day deeded to the said Mervin by quitclaim deed all interest he had in and to said premises for money advanced to him, and this contract is for the purpose of the said Mervin Harrison to redeed said premises upon the payment of said sum and interest.

"IT IS MUTUALLY AGREED by and between the parties hereto, that the time of payment shall be the essence of this contract; and that all the covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors and administrators and assigns of the respective parties." (It is conceded that the price of $120 mentioned in this agreement should be $220.)

The appellant swears positively that this contract was signed by the appellee at the same time he executed and delivered the deed to the premises in question. The appellee denies that he signed this contract, but an examination of the testimony relative to what transpired between the parties, convinces us that this contract was signed by the appellee and executed simultaneously with the execution of the deed in question.

In the correspondence between the parties, we think it bears out the appellant's contention that this was a contract of repurchase. In plaintiff's Exhibit No. 5, we find the following: "Now, as to the forty, you sold it, you had a chance to redeem it. You have had the money, year after year from your mother, and I never had a cent." This, with other evidence, tends to corroborate the appellant's theory of the case.

The burden of proof was on the plaintiff, Elmer Harrison, to prove that the deed, (which was an absolute conveyance of the property in question,) was intended to be a mortgage, and to establish such facts by clear and convincing proof. *Deadman v.*

*Yantis,* 230 Ill. 243; *Burgett v. Osborne,* 172 Ill. 227; *Ryder v. Ryder,* 244 Ill. 297 and *Martinet v. Duff,* 178 Ill. App. 199.

██ The language used in the deed, conveying the property, and the contract, giving the appellee the right to repurchase the land in question, is clear and unambiguous, and under such circumstances oral proof is not admissible to give these instruments, under seal, a different meaning from the ones actually expressed in the instruments themselves. It is stated in *Domeyer v. O'Connell,* 364 Ill. 467: "CONTRACTS—intention must be gathered from language used. The object of construing a contract is to ascertain the intention of the parties, and that intention is to be determined from the language used in the instrument and not -from any surmises that the parties intended certain conditions which they failed to express, and, where there is no ambiguity in the language used, from that, and that alone, may the intention of the parties be gathered." *Knowles Foundry & Machine Co. v. National Plate Glass Co.,* 301 Ill. App. 128; *Chicago Auditorium Ass'n v. Corporation of Fine Arts Building,* 244 Ill. 532; *Jones v. Albee,* 70 Ill. 34 and *Schneider v. Sulzer,* 212 Ill. 87.

██ ██ It is insisted by the appellant that there was no indebtedness existing between him and his brother at the time the transaction took place, therefore the deed cannot be construed as being a mortgage. According to the testimony in the case, there was no debt existing between the parties at that time. In the case of *Caraway v. Sly,* 222 Ill. 203, the facts are very similar to the case that we are now considering. In the opinion, we find this language: "In this case the attempt is to have a conveyance absolute in form declared to be a mortgage to secure the payment of money,—or, in other words, to secure a debt,—while the averments of the bill show that there was no indebtedness to be secured. The agreement stated in

the bill was, that the lands were to be held by Allen Sly until the complainant should be able to redeem them by paying the sums of money paid to him, with interest; that Sly knew complainant's financial embarrassment and that it would require much time for him to re-pay the money; that upon such payment Sly was to re-convey to the complainant, and that complainant had always been willing to pay but had not been able to do so. There was a mere option to pay at some time in the future if the complainant should be able to do so, and if he should become able it would be optional to pay, or not. Such an agreement would never be barred by lapse of time and there never could be any foreclosure. The right to redeem and the right to foreclose are reciprocal, (*Fitch v. Miller,* 200 Ill. 170,) but the bill shows that there was no debt which could have been enforced against the land by foreclosure, either by Sly in his lifetime or by defendants since his death. An agreement giving the complainant a mere option to pay when he should be able and desire to do so, with an agreement to re-convey upon such a payment, did not constitute a mortgage, and the averments of the bill, if proved, would not entitle the complainant to any relief. The circuit court was right in sustaining the demurrer and dismissing the bill.'' This case was cited and followed in *Lackey v. First Nat. Bank of Oblong,* 309 Ill. App. 308, also in *Williams v. Griffith,* 310 Ill. App. 574. The language used by the Supreme Court is applicable to the facts in this case.

It is our conclusion that the contract introduced in evidence by the defendant, is a contract of repurchase, and the deed given by appellee to appellant was a good and valid deed. Appellee, having failed for more than 15 years to comply with the terms of the contract of purchase, is barred, from now asserting that the deed given by him to the appellant is a mortgage.

There are other questions raised in the appeal, but under the construction of the deed and contract that we have expressed, they are not material, and the same are not discussed in the opinion.

The decree of the circuit court holding that the deed in question was a mortgage, and ordering partition of the premises is hereby reversed and the cause remanded.

*Reversed and remanded.*