William Bingham and Lillie L. Bingham, Plaintiffs-Appellants, v. Clarence J. Christensen, Defendant-Appellee.

Gen. No. 10,571.

Opinion filed September 18, 1952. Released for publication October 7, 1952.

ALLEN, MATTHEWS, JORDAN & DEAN, of Aurora, for appellants; G. E. JORDAN, of Aurora, of counsel.

SEARS & STREIT, of Aurora, for appellee; EDWARD F. STREIT, and PAUL W. SCHNAKE, both of Aurora, of counsel.

MR. PRESIDING JUSTICE DOVE delivered the opinion of the court.

William Bingham and Lillie L. Bingham, husband and wife, sought by this action to recover from Clarence J. Christensen damages for personal injuries sustained by them as a result of an automobile collision.

The complaint consisted of three counts. One count was on behalf of William Bingham for the injuries which he sustained in the collision, a second count on his behalf for the loss which he sustained because of damage done to his automobile, and the third count was on behalf of Lillie L. Bingham for the injuries which she sustained. Each count charged that defendant was guilty of negligence in the manner in which he operated his automobile at the time and place in question, which charges of negligence were denied by the answer of the defendant. The cause was tried by the court and jury resulting in verdicts as to all three counts in favor of the defendant. Motions for judgments notwithstanding the verdicts and for a new trial were heard and denied, and from appropriate

judgments on the several verdicts, this appeal is prosecuted.

The evidence discloses that the collision occurred on the morning of October 26, 1948, on what is known as Campana Road, which is near Batavia, Illinois. Campana Road is a gravel road some fifteen to twenty feet in width running in an easterly and westerly direction. There were grass and dirt along the sides of the graveled portion of the road which made the entire road about thirty feet in width. Appellants lived at LaFox, Illinois. The husband worked in Batavia and his wife worked at the Campana Plant, which is located on Campana Road. The morning in question was very foggy and visibility was limited to a few feet. Appellant, William Bingham, was driving his car in an easterly direction along Campana Road, and his wife was riding in the front seat with him. He was taking her to work at the Campana Plant, where she had been employed for a long time. For several years it had been their custom for Mr. Bingham to let his wife out at the Campana Plant and then for him to proceed to his work at Batavia, so that they were both entirely familiar with Campana Road. Upon the morning of the collision, at about twenty minutes or a quarter to eight o'clock, appellee was driving his car in a westerly direction along Campana Road and was alone. The cars collided head-on near the Larson farm residence. It was the contention of appellants that appellee was driving his car on their, the south, side of the road, while appellee contends that the Bingham car was being driven on his, the north, side of the road. Both of the appellants testified that their car was on the south half of the road, which was their proper side, and that at the time of the collision with appellee's car, their car bounced and skidded in such a manner that it came

to rest on the north half of the road. They were unable to say how far or in what direction their car bounced and skidded. Appellee testified that he was on his proper side of the road at and before the time of the collision. There were no eyewitnesses to this accident other than the three parties to this suit.

There was offered and admitted in evidence appellants' Exhibit 5, which was a photograph that was taken by Deputy Sheriff John Finley who arrived, in response to a call, at the scene of the collision within a few minutes after it occurred. He testified that the two automobiles were facing each other in the north lane of Campana Road and near the center thereof. The photograph which he took before either of the cars had been moved shows that appellee's car was well over on the north half of the road and out onto the dirt and grass along the edge of the graveled portion of the road, while appellants' car had crossed over from its own side of the road and onto appellee's side. The wheels on the right side of appellee's car were completely off the graveled portion of the road and onto the grass growing along the edge of the gravel. Appellants contend that the bouncing and skidding which the two cars did as a result of the collision caused the cars to come to rest on the north side of the road in the manner in which the photograph shows. Since the front ends of the two cars were only three or four feet apart after the collision and in perfect alignment, it is difficult to see how any skidding or bouncing could have caused the cars to come to rest in the positions which they occupied after the impact. Debris, consisting of glass, oil, water, and pieces of radiator grill work and metal, were found between and beneath the two cars.

We have read the evidence in the record and examined the various photographs offered by both sides and considered the arguments advanced by coun-

sel. In our opinion, the location of the broken glass, oil, water, and radiator grillwork tend to corroborate the testimony of appellee, and we are unable to say that the verdicts of the jury and the judgments which the court entered thereon are contrary to the manifest weight of the evidence. Appellants' Exhibit 5 shows that appellee was on the proper side of the road and that the collision resulted because appellant, William Bingham, was driving his car on the north half of the road while proceeding in an easterly direction, and the jury were warranted in so finding.

Appellants further contend that the court gave many instructions that were either erroneous or were instructions that have been repeatedly criticised by our courts as ones that should not be given. Counsel for appellee insists that the appellants are foreclosed from raising any such alleged errors with respect to instructions given in this case for the reason that the record and the abstract fail to show that the instructions that are set forth constitute all of the instructions that were given by the court, and do not set forth at whose request the several instructions were given.

The abstract of record furnished by counsel for appellants shows that at the conclusion of the evidence counsel for defendant announced that the defendant rested his case and counsel for the plaintiffs announced that there was no rebuttal evidence to be offered. The abstract then recites: "The following instructions were given by the court." Then follows two instructions appearing on pages 467, 468, and 469 of the record. The abstract then states that on pages 470 to 475 of the record will be found an instruction defining the issues, but the abstract does not set forth that instruction.

The transcript of the record discloses that the hearing of the evidence was concluded on May 2, 1951, and

65

the court recessed until the following morning at ten o'clock. On, the following morning, May 3, 1951, the record shows that the cause was argued and that the final argument was made by Mr. Jordan of counsel for the plaintiffs. The record then discloses that the court then said: ''Ladies and gentlemen of the jury,'' and we infer that the court then, in addition to instructing the jury as to the forms of verdict, read forty-four instructions found on pages 466 to 500, inclusive, of the record. None of these instructions bears the word ''given'' or ''refused,'' but at the top of page 503 of the transcript, these words in parenthesis, apparently inserted by the court reporter, appear: ''(The court refused to give the following instructions.)'' Five instructions then follow.

The Civil Practice Act (Ill. Rev. St. 1949, [ch. 110, par. 191] sec. 67) [Jones Ill. Stats. Ann. 104.067] provides that when instructions are asked which the judge cannot give, he shall, on the margin thereof, write the word ''refused'' and such as he approves, he shall write on the margin thereof the word ''given.'' Subparagraph 2 of the same section of the Civil Practice Act provides that instructions given by a judge to the jury shall be taken by the jury to the jury room and shall be returned by them with their verdict into court and filed as a part of the proceedings in the cause. Neither the word ''given'' nor the word ''refused'' appears on the margin of any of the instructions or anywhere else in the record, nor does it appear that any of the instructions were either taken or not taken by the jury to the jury room, nor does it appear that any instructions were returned by the jury with their verdict into court, nor does it appear that any of the instructions were ever filed by the clerk, and the abstract, the additional abstract and the record itself all fail to disclose which party to the action tendered to the court any of the instructions found in the record,

nor does it appear that the instructions found in the record are all the instructions given or refused.

Appellee's counsel has filed an additional abstract which includes three photographs of the cars, two views of the road, one picture of the car driven by the plaintiff, William Bingham, and one picture of the car driven by the defendant, Clarence J. Christensen. The additional abstract then recites: "The following instructions not abstracted by appellants were given by the court" and then sets forth thirty-one instructions covering twelve pages of the additional abstract. Counsel state that in supplying an additional abstract that appellee does not waive the requirement relating to the inclusion in the record and abstract of all instructions in such manner as to conform to the decisions and rules of our Appellate Courts.

██ ██ In this condition of the record, the instructions are not open to review. In *People v. Gambony,* 402 Ill. 74, at page 82, the court, in commenting upon a similar record, said: "Moreover, in this case, the abstract contains 8 instructions which were given to the jury but fails to show at whose request any of them were given and also fails to show that they constitute all the instructions given on the trial. In this state of the record the trial court's rulings upon instructions will not be reviewed." In *Madison v. Wedron Silica Co.,* 352 Ill. 60, at page 62, the court said: "The errors assigned by the defendant with reference to the giving or refusing of instructions, either upon the part of the plaintiff or the defendant, cannot be inquired into by this court, inasmuch as all of the instructions for the plaintiff and the defendant were not fully set out in the abstract. *City of Roodhouse v. Christian,* 158 Ill. 137; *People v. Ambalo,* 343 id. 480." In *Govekar v. Kweder,* 296 Ill. App. 402, this court said (p. 405): "It has long been the established rule that errors assigned with reference to the giving or refus-

67

ing of instructions, whether upon the part of the plaintiff or the defendant, will not be reviewed in a court of appeal unless all the instructions are fully set out in the abstract.''

The issues in this case were ''fairly simple,'' as counsel for appellants state, and we are inclined to agree with counsel that too many instructions were tendered by counsel, but the questions of fact presented by the pleadings in this case were submitted to the jury and determined by the jury adversely to the contention of the plaintiffs. We have read the evidence as abstracted, considered the photographs admitted in evidence in the light of all the evidence found in the record and are unable to say that the verdict was an unwarranted one. The verdicts of the jury having been approved by the judgments of the trial court, those judgments must be affirmed.

*Judgments affirmed.*