Herman D. Sykes, Plaintiff-Appellant, v. Leland E. Bontz, Defendant-Appellee.

**Gen. No. 11,135.**

Second District, First Division.
June 16, 1958.
Released for publication July 3, 1958.

 █

Kellstedt & Young, of Peoria (James P. Kellstedt, William H. Young, and Jack A. Brunnenmeyer, of counsel), for plaintiff-appellant.

Davis, Morgan & Witherell, of Peoria, for defendant-appellee.

JUSTICE McNEAL delivered the opinion of the court.

This action arose out of an automobile collision at a street intersection. In his amended complaint plaintiff alleged that defendant negligently drove his car through a stop light and into plaintiff's automobile. A trial by jury resulted in a verdict finding defendant not guilty, and judgment was entered on the verdict. Plaintiff's motion for a new trial was denied, and plaintiff appealed. On appeal plaintiff claims that the verdict was against the manifest weight of the evidence and that two of defendant's instructions were erroneously given by the court. Defendant contends that the verdict was supported by the evidence, that the question of error in giving instructions was not preserved for review, and that the instructions were proper.

The collision occurred about 3:30 P. M., on August 27, 1953, at the intersection of South and Washington Streets in Peoria. According to a plat admitted in evidence, Washington Street extended northeast and southwest, and intersected South Street at right angles. Washington Street was paved with concrete 52 feet or six lanes in width. Two lanes were used for parking and two each for northeast and southwest traffic. South Street was paved with brick 36 feet or

four lanes in width,—two lanes for parking and one lane each for traffic moving northwest and southeast. The weather was clear and the pavement was dry.

Plaintiff and defendant were employed in the community and each of them was traveling alone in his car from his employment to his home. Plaintiff was driving a 1949 Fordor sedan 15 to 20 miles an hour southeast on South Street, and defendant was driving a 1953 Ford 20 to 25 miles an hour in the lane next to the parked cars southwest on Washington. Each driver's view of the other was obstructed by a three-story building located at the north corner of the intersection. The building was built out to the sidewalk, and the walk along Washington was only four or five feet in width. At the time of the collision Washington was a heavily traveled street. South Street was not especially busy. Traffic was controlled by traffic lights located at the four corners of the intersection. The lights were timed to permit traffic on Washington Street to use the intersection a little longer than traffic on South Street.

Plaintiff testified that he was familiar with, and had gone through the intersection on his way to and from his work for at least a year prior to the accident. South Street was downgrade for about a block northwest of the intersection. As plaintiff came down the grade with his clutch pressed down, the traffic light was red. When he was 10 to 20 feet from the crosswalk the light turned amber, he looked to his left and there were no cars, he glanced to his right and noticed that the cars on Washington had stopped and that there were no pedestrians and no opposing traffic on South Street. The instant the light turned green plaintiff drove into the intersection and turned left on Washington. When the traffic light turned amber, defendant was 40 feet from the intersection. Defendant testified that he thought he had time to get

131

through the intersection, but when he got to the light it turned red, he saw plaintiff's car at the crosswalk angling across the center line of South Street. Defendant applied his brakes and attempted to make a right turn up the South Street hill, but plaintiff's car was in that portion of the intersection and defendant's left front fender, light and bumper struck the left doors and center post on plaintiff's vehicle. Plaintiff conceded that his car came to rest at a 45-degree angle on the west half of Washington, but he did not testify concerning the location of his car with reference to the center line of South Street. However, a policeman who investigated the accident and testified for plaintiff, stated on cross-examination that plaintiff's car was on the northerly side of South Street.

Plaintiff incurred a three-quarter inch gash on his forehead which required three stitches. Repair of damage to his car cost $254.81. After emergency treatment at the hospital, he went to the garage to see about his car. He didn't go to work the day after the accident or the following Monday. Plaintiff sued for $25,000, claiming that his neck and shoulder had been injured. The pain in his shoulder developed eight months after the accident. Two doctors testified that the probable cause of plaintiff's symptoms was not attributable to the accident, but to a shortened neck tendon which was congenital and not traumatic.

The jury saw and heard the witnesses. It was for the jury to determine upon all the facts and circumstances in evidence in this case whether or not plaintiff was cutting the corner and whether or not his action was the proximate cause of the collision and his injuries and damages. We have examined the record and cannot say that the verdict is contrary to the manifest weight of the evidence.

Plaintiff complains that the court erred in giving defendant's instructions 23 and 24. The ab-

132

stract shows that the court gave five instructions for plaintiff and sixteen for defendant, and refused eight of plaintiff's and four of defendant's. However, the only instructions set forth in the abstract are defendant's instructions 22, 23 and 24. Instruction 22 refers to the form of verdict. It has long been the established rule that errors assigned with reference to the giving or refusing of instructions, whether upon the part of the plaintiff or the defendant, will not be reviewed in a court of appeal unless all of the instructions are fully set out in the abstract. Govekar v. Kweder, 296 Ill. App. 402, 405; Griggas v. Clauson, 6 Ill.App.2d 412, 416.

■ After defendant had filed his brief citing the above rule and authorities, plaintiff moved this court for leave to file a supplemental abstract of all instructions given and refused by the trial court in order to aid the court in the full determination of this appeal. This motion was taken with the case. As shown by defendant's objections, notice of appeal was filed on July 3, 1957. On plaintiff's motion the time to file the report of proceedings was extended, and the record was filed on October 9, 1957. By three successive motions, plaintiff was granted further extensions of time until March 1, 1958, to file his abstract. Plaintiff was required under rule of this court to furnish an abstract of the record sufficient to present fully every error relied upon. Since plaintiff has been accorded numerous extensions and his failure to present a proper abstract has been relied upon by defendant, we think that plaintiff's motion is not timely and that allowance of his motion over objection would be unfair to defendant. Plaintiff's motion is therefore denied.

In plaintiff's post-trial motion, the only references to defendant's instructions are: "15. The Court erred in giving improper written instructions tendered by the defendant. . . . 17. The Court erred in that written

133

instructions of the defendant were improperly given." In his brief plaintiff contends repeatedly that the trial court gave instructions 23 and 24 without first holding a conference and read them to the jury as the last instructions "even after the forms of verdict." Obviously the post-trial motion contains no particular reference to the failure to hold a conference on these instructions. In Foster v. Union Starch & Refining Co., 11 Ill.App.2d 346, 354, the court said:

"In plaintiff's motion for a new trial . . . he neither specified the instruction nor the grounds of his objection. Paragraph 190, Chapter 110, Illinois Revised Statutes, 1953, required that the grounds be set forth with particularity in the motion for new trial. Failure to do so has frequently been held to constitute a waiver of the point on appeal. . . . We, therefore, hold that the objection to instructions in this case is not available for review in this court."

We conclude that errors with reference to instructions were not properly preserved in plaintiff's abstract of the record and were waived by his failure to specify the grounds of objection with particularity in his post-trial motion and that the verdict and judgment are not contrary to the manifest weight of the evidence, and therefore the judgment of the Circuit Court of Peoria county is affirmed.

Judgment affirmed.

DOVE, P. J. and SPIVEY, J., concur.