Jerry Placher and Dodds Trucking and Excavating Company (Plaintiffs) Appellees, v. Freeland B. Streepy (Defendant) Appellant.

Gen. No. 11,158.

Second District, First Division.

October 8, 1958.

Released for publication October 25, 1958.

Gray, Thomas, Wallace and O'Brien, of Joliet, for appellant.

Paul F. Brumund, Michael A. Orenic, of Joliet (Robert L. Brody, of counsel) for appellees.

JUSTICE SPIVEY delivered the opinion of the court.

This action was commenced to recover damages for injuries sustained by Jerry Placher in a fall on May 6,

1954. Dodds Trucking and Excavating Company, also a plaintiff, sought to recover sums paid to plaintiff Placher under the provisions of the Workmen's Compensation Act. It will not be necessary for reference to be made to Dodds Trucking and Excavating Company, and so for the sake of clarity, Placher will be referred to as if he were the only plaintiff.

Plaintiff was upon the defendant's premises under circumstances creating the relationship of a business invitee. While in the course of his employment, he called upon the defendant to purchase a truck axle. Defendant maintained a garage where repairs were made on motor vehicles and also sold parts salvaged from motor vehicles. Plaintiff was a former employee of the defendant and was familiar with the defendant's operation and his stock of parts. While climbing an extension ladder to reach parts stored in a loft, the ladder broke and plaintiff fell and was injured.

Plaintiff was awarded a verdict in the amount of $15,000 and the defendant appeals from the judgment entered thereon. Several errors are assigned by the defendant. Defendant contends that the complaint is insufficient in law to state a cause of action, that there was no evidence of negligence, that plaintiff was guilty of contributory negligence as a matter of law, that the court erred in admitting improper evidence, that the verdict was contrary to the weight of the evidence, that the verdict was excessive, and that the jury was erroneously instructed.

Defendant in his pleadings did not challenge the sufficiency of the complaint, but chose to file an answer and defend the cause on the issues thus joined. The complaint alleged due care on the part of the plaintiff, a duty on the part of the defendant, a breach of that duty and injuries proximately caused thereby. Without reference to the degree of skill employed in preparing the complaint, we believe the complaint

186

stated a cause of action. Church v. Adler, 350 Ill. App. 471, 113 N.E.2d 327.

In the case of Gustafson v. Consumers Sales Agency, 414 Ill. 235, 110 N.E.2d 865, the court said, "At common law the doctrine of 'aider by verdict' was developed to estop parties who were content to try their cases on bad pleadings from insisting in the appellate tribunal, after they had the benefit of the jury's deliberation, that the pleadings were insufficient. Under this principle a verdict was deemed to cure not only all formal and purely technical defects in a complaint, but also any defect in failing to allege or in alleging imperfectly, any substantial facts which are essential to a right of action, provided 'the issue joined is such as necessarily requires, on the trial, proof of the facts so omitted or imperfectly stated and if such facts can be implied from the allegations of the complaint by fair and reasonable intendment.' (Sargent Co. v. Baublis, 215 Ill. 428; Lasko v. Neier, 394 Ill. 71.) This doctrine of 'aider by verdict' was qualified, however, by the rule that 'If, with all the intendments in its favor, a complaint wholly and absolutely fails to state any cause of action at all, objection can be made to it for the first time on appeal.' However, if a cause of action is stated, no matter how defectively, and the complaint is not challenged below, then such defect is cured by the verdict. Sargent Co. v. Baublis, 215 Ill. 428."

"We are of the view that if appellant was of the opinion the cause of action was defectively stated the point should have been raised in the trial court. The Civil Practice Act provides all defects in pleading, either in form or substance, not objected to in the trial court, shall be deemed waived. (Ill. Rev. Stat. 1941, chap. 110, par. 166, sec. 42, subsec. 3.) It also provides that all objections to pleadings heretofore raised by demurrer shall be raised by motion, which shall point

187

out specifically the defects complained of. (Sec. 45, subsec. 1.) And it likewise provides that where a pleading is objected to by motion to dismiss because it is substantially insufficient in law the motion must specify wherein such pleading is insufficient. (Sec. 45, subsec. 2.) The Civil Practice Act applies to proceedings both at law and in equity, and is a remedial statute to be liberally construed." Owens-Illinois Glass Co. v. McKibbin, 385 Ill. 245.

■ In the instant case, no motion was filed attacking the complaint and after verdict the defendant cannot be heard to complain, concluding as we have, that a cause of action was stated.

■ Defendant contends that the plaintiff was guilty of contributory negligence as a matter of law because the witness Bell testified that he observed that the upper portion of the extension ladder was tilted in the hooks. The plaintiff testified that before he started to climb the ladder, he tested the ladder and observed that "the joints of the two parts were together." There was, then, at least a conflict of evidence on this point. We are not prepared to say that this conduct constituted contributory negligence as a matter of law. This question was for the jury.

"Questions of negligence, due care and proximate cause are ordinarily questions of fact for a jury to decide. The right of trial by jury is recognized in the Magna Charta, our Declaration of Independence, and both our State and Federal Constitutions. It is a fundamental right in our democratic judicial system. Questions which are composed of such qualities sufficient to cause reasonable men to arrive at different results should never be determined as matters of law." Ney v. Yellow Cab Co., 2 Ill.2d 74, 117 N.E.2d 74.

■ Next, it is contended that the court erred in admitting improper evidence. Plaintiff testified that he was married at the time of the occurrence, that he

188

had ten children and that six were living with him at the present time. An objection was made to "this line of testimony," but the objection was not made until the questions had been asked and answered. No motion was made to strike the testimony, nor was there a request that the jury be instructed to disregard the testimony. For these reasons, we believe that the error, if any, in such testimony was waived by the failure of the defendant to make a timely and specific objection. Ruddy v. McDonald, 244 Ill. 494, 91 N. E. 651.

■ ■ Defendant also complains that an expert medical witness was allowed to testify that in his opinion a condition was sufficient to cause pain. A medical witness may testify that in his opinion a condition may be traumatic in origin, that a condition may be permanent in nature, and that certain conduct might or could have caused a certain injury. There would seem to be no reason why a doctor could not express an opinion as to whether or not a condition is sufficient to cause pain. The court did not err in admitting this evidence. In Chicago Union Traction Co. v. Roberts, 229 Ill. 481, 82 N. E. 401, in considering a similar question the court said "It is entirely immaterial whether the witness testified that the injury was the cause of the condition, or that the injury was sufficient to cause the condition or might have caused it. In any event, the testimony was merely the opinion of the witness, given, as such, upon a state of facts assumed to be true. It still remained for the jury to determine the facts, and the opinion was nevertheless an opinion only, whether it states what did cause the condition or what might cause it. The question may be asked in either form."

■ Error is also assigned on the basis of a hypothetical question asked and answered. This question was objected to as being immaterial, invading the province of the jury and for failing to include all the elements of a proper hypothetical question. The ques-

tion dealt with causation and sought to establish a connection between the injury and the plaintiff's condition at the time of the trial. Hypothetical questions are commonly used to establish causation. An affirmative answer cannot be said to invade the province of the jury, but rather, presents to the jury probative value, upon which the jury may exercise its fact finding function.

■ Defendant did not detail the elements said to be omitted from the hypothetical and without supplying these elements, any error in such a question is waived by failing to point out the omitted elements.

■ Defendant offered in evidence two photographs of a ladder said to be similar to the ladder which was broken in the plaintiff's fall. The court refused to admit the photographs because of a failure of preliminary proof and the testimony was that this was the same type of ladder and the only difference "as far as you can see" is that the ladder in the exhibit was longer. The proof is obviously wanting in foundation proof necessary to establish the reliability of the exhibit. This is not to say a similarity of conditions may not be portrayed by photographs, but more must be shown by way of foundation, than a similarity.

■ Defendant contends the court erred in giving certain instructions and refusing others. However, not all the instructions are fully set out in the abstract. For that reason this court will not review the error assigned on the giving and refusing of instructions. Sykes v. Bontz, 18 Ill.App.2d 129, 151 N.E.2d 133; Govekar v. Kweder, 296 Ill. App. 402, 16 N.E.2d 249; Griggas v. Clausen, 6 Ill.App.2d 412, 128 N.E.2d 363.

■ Defendant contends that the verdict is excessive. The evidence was that the plaintiff sustained a permanent injury, had substantial medical expense and a loss of earnings. We would not substitute our judgment for that of the jury where there is credible

190

evidence upon which to base the award, and the award is not so disproportionate with the injuries as to evince passion and prejudice on the part of the jury.

Finally, it is contended that the plaintiff failed to prove any negligence on the part of the defendant. The complaint charged the defendant with supplying either a defective ladder with actual or constructive knowledge of the unsafe condition, or failure to inspect and discover the defect. Defendant was examined as an adverse witness and stated that he had owned the ladder for eighteen months to two years and the ladder was in general use by his men daily prior to the occurrence. He stated he had not personally inspected the ladder prior to the date of the fall.

The plaintiff stated he was acquainted with the defendant's premises, had worked for the defendant before the occurrence and had stored the parts in the loft above the parts room. He also said that when he started to climb the ladder, he looked to see if it was firmly against the side of the wall. He also tested the ladder by pushing the ladder against the wall with both hands to be sure that it was firm. It was observed to be firm and the joints of the two parts were together.

Raymond A. Bell, an employee of the defendant, testified that the ladder had been in use about the garage and he had used it about a week before the plaintiff's fall. He stated he observed one hook of the ladder to be up and one hook down when the plaintiff started to climb the ladder and that when Placher was two or three steps up, the right side of the ladder pushed in—the left side twisted and the ladder broke on an angle.

Norman Wietting testified for the defendant. He was the maintenance man at the defendant's garage and had occasion from time to time to observe the ladder and other tools and equipment from a mainte-

191

nance standpoint. He also used the ladder while working on the clearance lights on trucks of the defendant. Wietting used the ladder the night before the accident. It was said to be in good condition.

The foregoing is in substance all of the evidence concerning the use or condition of the ladder other than a photograph of a portion of a ladder stipulated to have been similar to the ladder involved in this case. The evidence and the picture indicate that the ladder involved was a standard type extension ladder with the trade name of Lincoln Ladder.

We have previously observed that the plaintiff's status on defendant's premises was that of an invitee. In Altepeter v. Virgil State Bank, 345 Ill. App. 585, 104 N.E.2d 334, we said, "The mere ownership of real property does not render such owner liable for injuries sustained by persons who have entered thereon by invitation of the owner. An owner of property is not an insurer against accidents occurring on the premises of the owner, and an owner's liability to an invitee for injuries not intentionally inflicted must be predicated upon negligence, and no presumption of negligence, on the part of the owner arises merely by showing that an injury has been sustained by one rightfully upon the premises. (38 Am. Jur., Neg., sec. 92 pp. 751–752.) The rule is that an occupant or owner of premises owes to an invitee a duty to use ordinary care to have the premises in a reasonably safe condition for use in a manner consistent with the purpose of the invitation, not to lead such a person into a dangerous trap and to give such person adequate and timely notice and warning of latent or concealed perils which are known to the owner but not to the invitee. (38 Am. Jur., Neg., sec. 96, pp. 754–755.)"

The evidence is completely wanting to show any patent defect. In order for the plaintiff to recover he must show a patent defect within the actual or con-

structive knowledge of the defendant. All of the evidence indicates that this ladder was in daily use by defendant's servants and was subject to maintenance inspections by defendant's maintenance man. No evidence was offered to show a defective condition of the ladder nor was any explanation offered in evidentiary form to explain the collapse of the ladder.

 "The law raises on the part of a proprietor of a store, an implied invitation to the public to come into his building or upon his premises, should they seek to do business with him; therefore it is held that he is under a legal obligation to exercise ordinary and reasonable care to the end of making his premises safe for the protection of his customers. Under the operation of this principle, the general rule is, that where an appliance or structure not obviously dangerous, has been in daily use for an extended period of time and has proven adequate, safe, and convenient for the purposes to which it was being put, it may be further continued in use without the imputation of negligence. However, the rule which requires reasonable care on the part of the proprietor, does not demand that he have actual notice of the defect. When he invites members of the public to come upon his premises as customers, he is chargeable with notice of any defect which would or might have been discovered by a reasonable inspection. The rule of ordinary reasonable care requires such inspection." Todd v. S. S. Kresge Co., 303 Ill. App. 89, 24 N.E.2d 899.

The evidence in this case shows that the plaintiff was a former employee, had used the ladder on other occasions and tested the ladder on the occasion of his fall. Also, the ladder had been inspected by the defendant's maintenance man. There was no proof of a defect, but if a defect had existed, it should have been as apparent to the plaintiff as to the defendant. Plaintiff cannot be heard to say that the defendant had con-

structive notice of a defect, when the plaintiff had an opportunity to and did in fact, inspect the ladder before use, and failed to discover any defect or dangerous condition. If a patent defect existed plaintiff must have been able to discover the defect by a reasonable inspection which he stated he had made. If there was a latent defect, the defendant would not be charged with the knowledge of this condition.

In the case of National Builders Bank of Chicago v. Schuham, 319 Ill. App. 546, 49 N.E.2d 825, the plaintiff's intestate, a painter, was killed when a part of a window sash gave way and caused him to fall. It was contended that the defendant was negligent in failing to warn the plaintiff's intestate of the defective window sash. The court said "It will be remembered that it was only after the accident occurred that it was learned that a portion of the interior of the lower bar of the sash was rotted. It is not claimed that the evidence showed that any rot or decay was discernible on the outside of the lower bar of the sash prior to the accident. There was no rot in the wood discoverable by an ordinary and reasonable inspection before the decedent commenced to work on the window sash in question, because, if there was, he would unquestionably have discovered it himself, since his work brought him into direct contact with it. Under the facts of this case it must be held as a matter of law that the defendant was not guilty of negligence unless it was his duty in the exercise of reasonable care to take or saw apart the lower bar of the sash in question to discover whether it had rotted on the inside before he permitted decedent to paint or prepare to paint said sash. Defendant was under no such duty. To hold the owner liable under the circumstances shown here would place upon him an unreasonable burden which the law does not do. He was only required to use reasonable care to protect those lawfully upon his premises. This degree

194

of care did not place upon the defendant property owner the task of testing the wood in the sashes of all the windows covered by the contract before permitting decedent to paint same."

We think this language is equally applicable in the situation herein. The defendant, according to the evidence could not have discovered that the ladder might break, by an inspection comparable to the inspection made by the plaintiff. If plaintiff's tests were demonstrative of good and due care, then it cannot be said that the defect, if any existed, could have been discovered by reasonable diligence, for plaintiff did not discover it.

■■■ We are compelled to conclude that the plaintiff has failed as a matter of law to prove any negligence on the part of the defendant. The trial court erred in refusing to direct a verdict for the defendant at the close of the plaintiff's case. The judgment is therefore reversed.

Reversed.

DOVE, P. J. and McNEAL, J., concur.