### O. B. Olson, Plaintiff in Error, v. Frank W. Whiffen et al., Defendants in Error.

### Gen. No. 5,633.

1. JUDGMENTS—*form of final.* A judgment dismissing plaintiff's suit on his election to stand by counts to which a demurrer was sustained, should, to make it a final judgment, contain a statement to the effect that the court considers "that the plaintiff take nothing by his writ and that the defendants go hence without day."

2. APPEALS AND ERRORS—*when judgment may be treated as final on appeal.* Where a judgment is entered dismissing plaintiff's suit on his election to stand by counts to which a demurrer was sustained but not in terms disposing of the counts or of the rights of the parties, it may be treated as final on appeal where the dismissal is assigned as error, but is not argued and is not harmful to the plaintiff.

3. CONTRACTS—*what void for lack of mutuality.* A written contract contemplated by an oral agreement is void for want of mutuality, where it fixes certain prices at which defendants shall sell certain articles to plaintiff and provides that he can order them if he wishes, but does not bind him to take any.

Error to the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1912. Affirmed. Opinion filed June 27, 1912.

ALBERT E. BERGLAND and STURTZ & EWAN, for plaintiff in error.

ANDERSON & ANDREWS, for defendants in error.

MR. JUSTICE WILLIS delivered the opinion of the court.

O. B. Olson, plaintiff in error, hereinafter called plaintiff, commenced this suit in *assumpsit* against Frank W. Whiffen, Fred W. Dafoe, Rolan L. Hepler and Maria B. Hepler, defendants in error, hereinafter called defendants, to recover damages for the breach of a verbal contract to enter into a written contract.

The declaration contained the common counts and two special counts. The first special count alleged that the defendants were engaged in the manufacture and sale of a capping machine, a bottle filler and a bar bottle and were desirous that plaintiff should take the agency for the sale of said articles; that on October 27, 1910, in consideration of his promise to place said articles upon the market, and promote their sale, the defendants promised that they, on request of plaintiff, would enter into and deliver to him a written contract, by which he was to receive said articles on demand at certain prices and have the ex- clusive right to sell them in all territory for the full period of five years; that after making said ver- bal agreement he advertised said articles, and to pro- mote their sale employed salesmen at his own ex- pense, and that as a result of his efforts a demand existed for said articles and that his profits had accord- ingly increased; that he had repeatedly demanded that the defendants enter into said contract, but that they refused to do so and that by reason thereof he has sustained damages in a large amount. The second count was like the first, except that it alleged that the defendants promised that they would, within a rea- sonable time thereafter, enter into the contract stated in the first count.

The defendants demurred to the declaration gener- ally and specially. The ground of special demurrer was that the declaration shows that the cause of ac- tion therein set forth is obnoxious to the statute of fraud, in that it shows on its face that the alleged

promises were not to be performed within one year from the making thereof, and that it fails to show that the evidence of such alleged promises was in writing. The demurrer was sustained as to the special counts and overruled as to the common counts. The plaintiff dismissed the common counts and elected to stand by the special counts. The court dismissed the suit at plaintiff's costs.

It will be observed that this judgment did not, in terms, dispose of the rights of the parties. To make it a final judgment, it should, according to the authorities, have contained a statement that, "It is considered by the court that the plaintiff take nothing by his writ and that the defendants go hence without day," or words of similar import, disposing of the entire subject-matter of the litigation. Freeman on Judgments (12th Ed.), sec. 16; Black on Judgments, sec. 31; Wenom v. Fossick, 213 Ill. 70. The dismissal of the suit is assigned for error, but it is not argued and indeed it is not harmful to plaintiff. Therefore we will treat the judgment as final.

The contract which the declaration says it had been agreed should be put in writing, and remain in force five years, fixed certain prices at which defendants should sell the articles named to plaintiff, but it contained no provision binding plaintiff to take any goods whatever from the defendants. He could order them if he wished or could entirely fail to order any. If the proposed contract had been signed, defendants could not compel plaintiff to buy a single article from them. To make a valid, executory contract, there must be at least two parties capable of contracting and both must be bound thereby. The promises of each party must be concurrent and obligatory on both at the same time to render the promise of either binding. This is essential as a consideration. If only one is bound, there is no consideration for the promise of the other, and such promise consequently is a mere *nudum pactum*. McKinley v. Watkins, 13

Ill. 140; Olney v. Howe, 89 Ill. 556. It cannot be doubted, we think, that the contemplated contract was unilateral and void for want of mutuality under the repeated decisions of the courts of this and other states. Vogel v. Pekoc, 157 Ill. 339; Higbie v. Rust, 211 Ill. 333; Bailey v. Austrin, 19 Minn. 533; Davie v. Lumberman's Mining Co., 93 Mich. 491; Joliet Bottling Co. v. Brewing Co., 164 Ill. App. 490; same case, 254 Ill. 215. Therefore, plaintiff can have no cause of action for a failure of the defendants to enter into a void contract, and the court properly sustained the demurrer, regardless of whether or not the statute of frauds may be raised in an action at law by demurrer.

The judgment of the trial court is therefore affirmed.

*Affirmed.*