## A. Kenneth Paul, Appellee, v. Sam Rosen, Appellant.

### Gen. No. 46,353.

Opinion filed November 3, 1954. Rehearing denied December 9, 1954. Released for publication December 9, 1954.

LOUIS M. LEIDER, of Chicago, for appellant; MELVIN B. LEWIS, of Chicago, of counsel.

LEO K. WYKELL, of Chicago, for appellee.

MR. PRESIDING JUSTICE KILEY delivered the opinion of the court.

This is an action for breach of contract for sale of a retail liquor business. Verdict and judgment were for plaintiff in the amount of $2,500 and defendant has appealed.

The agreement was made June 22, 1948. Defendant agreed to sell and plaintiff agreed to buy the business for $25,000. The agreement also covered the sale of stock in trade in the store and merchandise stored in a warehouse. Plaintiff deposited $2,500 earnest money in escrow upon execution of the contract. Under the agreement an inventory was to be taken of the stock in trade and the warehouse merchandise on June 27, 1948. After the completion of the inventory and before determining the price of the merchandise plaintiff was to deposit $25,000 in escrow to be applied on the purchase of the merchandise. Simultaneously with this deposit of cash defendant was to place in escrow a bill of sale covering the business and merchandise. $15,000 of the balance due was made payable 90 days from the date of the bill. This sum was to be evidenced by a judgment note guaranteed by one Alexander H. Mall.

The deal was to be consummated on or before July 7, 1948 by paying the balance due defendant and by delivery of possession to plaintiff. Presumably, however, plaintiff was to have possession from the time of taking of the inventory, since he was to retain receipts of the business from that event until the deal was or was not consummated July 7, 1948. If not consummated the net receipts were to be refunded to the defendant. Other provisions of the contract dealt with such miscellaneous matters as insurance, utilities, fixtures and security for the judgment note. In paragraph 13 of the contract the following language appeared:

"This agreement is conditioned upon the Buyer obtaining a new lease . . . from the owner . . .

for a period of five years from June or July 1, 1948. . . . Said new lease when secured shall be deposited . . . in escrow . . . until the deal is consummated. . . . The sum of $520.00 as consideration for the execution by him of the new lease . . . to be paid when and if the deal is consummated. . . ."

After the agreement was made plaintiff and his prospective partners went to the store to take an inventory of the merchandise. Defendant refused to permit the taking of the inventory. He then signed a memorandum "we will take inventory Sunday 12 midnight." On Sunday night he again refused to permit the taking of the inventory. Subsequently plaintiff's deposit was returned to him. This suit followed.

It is agreed that plaintiff never obtained a lease. He contends that since defendant refused to permit the taking of the inventory and stated he had decided not to sell that an anticipatory breach was committed relieving plaintiff from performance. Defendant insists the agreement is invalid for want of mutuality and that he was entitled to withdraw at any time before the lease was obtained.

Does the agreement lack mutuality?

It will be noted that there is no compulsion placed on plaintiff to obtain the lease. Plaintiff was free to get the lease or not as he willed. If plaintiff did get the lease defendant was under obligation to perform his part of the agreement. The provision with respect to obtaining the lease did not impose mutual obligations with respect to the lease. *Joliet Bottling Co. v. Joliet Citizens' Brewing Co.*, 254 Ill. 215; *Vogel v. Pegoc,* 157 Ill. 339, 342–3; *In re Estate of Peterson,* 286 Ill. App. 424; *Olson v. Whiffen,* 175 Ill. App. 182.

In a prior appeal in this case, *Paul v. Rosen,* 343 Ill. App. 516, this court construed the contract between the parties. In that appeal plaintiff contended the lease provision was for his, not the defendant's, benefit. We

said defendant as well as plaintiff was benefited by the provision. We said too that in the most favorable light to defendant, the evidence showed that "the parties considered production of the new lease an essential step in the closing of the deal." We said "The agreement was conditioned upon the buyer obtaining a new lease."

Consideration of the contract again, in the instant appeal, confirms what this court said of it previously. The obtaining of the lease was an essential prerequisite to the duties and obligations set forth in the agreement. It was the condition precedent to the effectiveness of the agreement and to each and every other provision. Under these circumstances we think the entire contract was void for lack of mutuality. (*Joliet Bottling Co. v. Joliet Citizens' Brewing Co.*, 254 Ill. 215.)

Since the contract was void for lack of mutuality defendant had no obligation to perform under it and cannot be held for an anticipatory breach. The trial court should have so decided as a matter of law and directed a verdict for defendant. We need consider no other points.

The judgment is reversed.

*Judgment reversed.*

LEWE and FEINBERG, JJ., concur.