Frank Hodorowicz and Stanley Urbaniak, d/b/a Hodor and Urban Builders, Appellees, v. John J. Szulc and Genevieve A. Szulc, Appellants.

**Gen. No. 47,297.**

First District, Third Division.
February 19, 1958.
Released for publication March 7, 1958.

■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■

Frederick S. Stein, of Chicago, for appellants.

Johnson and Bateman, of Chicago, for appellees.

JUSTICE BRYANT delivered the opinion of the court.

This is an appeal from a judgment entered in the Municipal Court of Chicago after a trial by the court, without jury, and a finding against the defendants, being the purchasers under a contract for the purchase of real estate, for an alleged breach of the contract. Judgment was entered in the sum of $2,690.95 and costs.

The contract for the sale of real estate between the defendants as the purchasers and the plaintiffs as the sellers, was entered into on January 16, 1955. It is upon that contract the statement of claim is based, and a copy of it is attached as exhibit "A" to that statement. In general it is a contract for the sale of improved premises by the plaintiffs to the defendants for the sum of $20,500. It contains the normal and usual provisions for such real estate contracts. Those provisions are not here in controversy. It does contain, in addition thereto, the following clause:

"This contract is subject to purchasers selling their house at 146 East 120th Street, Chicago, Illinois. If said purchasers house is not sold by March 5, 1955,

then sellers have the option of cancelling this contract. If contract is cancelled by sellers, earnest money is to be returned to purchasers."

On June 8, 1956 an affidavit of defense was filed by the defendants setting forth the provision heretofore referred to in regard to the selling of the purchasers' house, and the further allegation that the house of the defendants was not sold until May, 1955. No reply was filed to the affidavit of defense. Both parties admit in their statements of facts in their briefs that the purchasers' house, referred to in the clause above incorporated, was not sold until May of 1955.

The defendants urge that the contract was void for want of mutuality of obligation and never enforceable and that therefore the statement of claim fails to state a cause of action, and that a failure to state a cause of action may be raised at any time. The plaintiffs reply that the contract is a binding contract and that any claimed defects in pleading have been waived by proceeding in the trial court.

██ It becomes necessary for us first to determine whether the sufficiency of the statement of claim can be raised first in this case in this court. This problem was discussed in Owens-Illinois Glass Co. v. McKibbin, 385 Ill. 245, 250, as follows:

"There is a substantial and material difference between alleging a good cause of action in a defective manner and in stating no cause of action. (Sargent Co. v. Baublis, 215 Ill. 428; Connett v. Winget, 374 Ill. 531.) The first is good after judgment, and the second may be questioned at any time."

In Lasko v. Meier, 394 Ill. 71, 75, the same proposition of law was stated, as follows:

"There is a substantial and material difference between a complaint which alleges no cause of action and which may be questioned at any time and one

which defectively or imperfectly alleges a cause of action and is good after verdict."

Both of those cases were cited with approval in Wagner v. Kepler, 411 Ill. 368, 371.

The above being the law in Illinois, it becomes necessary for us to determine whether there was ever a binding and enforceable contract between the parties. If there was not, obviously there could be no breach and the statement of claim never stated a cause of action and therefore can be considered by this court. It is clear that this contract was not enforceable at the time it was executed because of the condition contained in the clause stated in the contract and referred to above, and that it only could become effective and enforceable, by either party, upon the happening of that contingency. It is also equally plain that before that contingency happened, under the very terms of the contract, by lapse of time, the sellers had acquired an additional right to terminate it at their will and it therefore ceased to be binding upon the sellers and the purchasers could not have enforced it against the sellers at any time thereafter. When in May of 1955 the contingency happened and the property previously owned by the purchasers had been sold, the contract had already lost its binding power upon the sellers and there was therefore never a mutually binding and enforceable contract and agreement in effect between the parties.

These elementary principles are stated in 17 C. J. S., Contracts, sec. 100, page 444, where it is said: "Broadly speaking, mutuality of obligation is an essential element of every enforceable agreement"; and on page 452, where it is said: "Where one party reserves an absolute right to cancel or terminate the contract at any time, mutuality is absent." Numerous Illinois cases are cited for these propositions, including Vogel

320

v. Pekoc, 157 Ill. 339, 342; Joliet Bottling Co. v. Joliet Citizens' Brewing Co., 254 Ill. 215, 218–19; Olson v. Whiffen, 175 Ill. App. 182, 184–5; In re Estate of Peterson, 286 Ill. App. 424, 428; Paul v. Rosen, 3 Ill.App.2d 423, 425; Peru Wheel Co. v. Union Coal Co., 295 Ill. App. 276, 285.

█ Since there were not any mutual obligations in this contract enforceable against both of the parties at the time of the alleged breach, it could not be the basis of a valid statement of claim. No attempt to amend the statement of claim based on that contract could be effective. The failure to raise this point in the trial court did not constitute a waiver of the right to raise it in this court for the first time.

The judgment will be reversed.

Reversed.

BURKE, P. J. and FRIEND, J., concur.