The Illinois State Toll Highway Commission, ex rel. Patten Tractor & Equipment Co., Plaintiff-Appellant, v. M. J. Boyle & Company and Ryan Construction Co., Inc., W. M. Wyant Co., Inc., The Fidelity and Casualty Company of New York, and Fidelity and Deposit Company of Maryland, Defendants-Appellees.

Gen. No. 48,530.

First District, Third Division.

October 24, 1962.

38

Howard O. Wolfe, Joseph W. Bonner, Lane, Gross, Carmen & Dee, of Chicago (Fred E. Lane and Norman M. Sevin, of counsel), for appellant.

Healy, Newby, Barrett & Healy, of Chicago, for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

The Circuit Court of Cook County sustained defendants' motions to dismiss the second amended complaint filed by the plaintiff and dismissed the suit. From that order this appeal is taken.

From the record it appears in substance that two corporations, M. J. Boyle & Company and Ryan Construction Co., Inc. (hereinafter referred to as "Boyle" and "Ryan"), entered into a contract with the Illinois State Toll Highway Commission whereby Boyle and Ryan agreed to act as general contractors for the construction of certain public highways. Boyle and Ryan

then entered into a contract with another corporation, W. M. Wyant Co., Inc. (hereinafter referred to as "Wyant"), whereby the latter was to act as a subcontractor in this highway construction project. In compliance with paragraph 15, chapter 29, Illinois Revised Statutes, Boyle and Ryan furnished a payment bond to the Illinois State Toll Highway Commission wherein they were named as principals and The Fidelity and Casualty Company of New York and Fidelity and Deposit Company of Maryland were named as sureties. During the fall of 1957 Wyant purchased various items of road construction machinery on conditional sales contract from Patten Tractor & Equipment Co. (hereinafter referred to as plaintiff). Wyant defaulted in its payments on these contracts and the plaintiff repossessed the machinery. Subsequently Wyant was declared bankrupt. The plaintiff instituted this action on the payment bond seeking to recover damages caused by Wyant's breach of contract. The court dismissed the plaintiff's second amended complaint and dismissed the suit, deciding as a matter of law that the plaintiff has failed to state a cause of action.

■ The defendants' motion alleged as one of the grounds for dismissal that the court did not have jurisdiction because the plaintiff had failed to comply with the time provisions of paragraph 16, chapter 29, Illinois Revised Statutes. This assertion was supported by affidavit. The plaintiff filed a counteraffidavit in which it asserted facts which were sufficient to show that there was compliance with the section. Nowhere in the record does it appear that the court resolved this issue, but the defendants have not presented this question to us for a determination and it will not be considered.

The plaintiff's second amended complaint consisted of three counts. During oral argument counsel for plaintiff suggested that counts two and three are al-

ternative counts for relief which are only to be considered if we determine that count one does not state a cause of action.

Count one, after alleging that Boyle and Ryan had entered into a contract with the Illinois State Toll Highway Commission for the construction of certain roadways and structures, referred to in the pleadings as "Section T–7A Contract," under which they agreed to build and construct certain highways and agreed to furnish a payment bond to secure the payment of "all sums of money due for any labor, materials, apparatus, fixtures or machinery and transportation with respect thereto," further alleged that such a bond was furnished with sureties; that Boyle and Ryan subsequently entered into a subcontractor's contract with Wyant; and that plaintiff, in reliance upon the principal contract, the payment bond, and the subcontractor's contract furnished certain machinery to the defendant Wyant. It is further alleged that the machinery, labor and material furnished were specifically for use in the construction contract and were so used, and that the said machinery was such that its normal life for the use for which it was designed would be practically consumed by its use in and about the performance of the contract. All necessary allegations of demands for payment, Wyant's default and compliance with paragraph 16 of chapter 29 were included in this count.

The bond sued on was given in compliance with paragraph 15 of chapter 29, Illinois Revised Statutes. That section provides that any person making a contract for a public work to be performed for the State or a political subdivision thereof, shall be required to give bond with sureties, which bond, "among other conditions, shall be conditioned for the payment of material used in such work and for all labor performed in such work, whether by subcontractor or oth-

erwise." The principals in the bond given in this case were Boyle and Ryan, and the sureties were The Fidelity and Casualty Company of New York and Fidelity and Deposit Company of Maryland. After stating the substance of the contract between the principals and the Illinois Toll Highway Commission the bond provided that the principals pay not less than the prevailing wages for the work to be performed in accordance with such contract and also pay "all sums of money due for any labor, materials, apparatus, fixtures or machinery, and transportation with respect thereto, furnished to such Principals for the purpose of performing such work in accordance with the provisions of the contract and any and all duly authorized additions, alterations, cancellations and deductions which may be hereafter made pursuant to said contract . . . ." There is a further provision in the bond that the sureties have "agreed that this bond shall inure to the benefit of any person, firm, company or corporation to whom any money may be due from the Principals, any subcontractor, or other person for any such labor, materials, apparatus, fixtures or machinery, and transportation with respect thereto, so furnished and that suit may be maintained on such bond by any such person, firm, company or corporation for the recovery of any such money." The defeasance clause provided that if the principals should pay the prevailing wages and all moneys due or to become due in accordance with the contract as previously recited in the bond, then the obligation would be void.

Paragraph 15 of chapter 29 further provides that every bond given under such paragraph shall be deemed to contain the following provision whether it was inserted in the bond or not: "The principal and sureties on this bond agree to pay all persons, firms and corporations having contracts with the principal

or with subcontractors, all just claims due them under the provisions of such contracts for labor performed or materials furnished, in the performance of the contract on account of which this bond is given . . . ."

In Board of Education v. Pacific Nat. Fire Ins. Co., 19 Ill App2d 290, 153 NE2d 498, the court held that paragraphs 15 and 16 of the statute are remedial and were intended to protect subcontractors and materialmen for whom no right of mechanic's lien exists against a public work.

The bond in the case before us goes much further than the statute requires, and it provides that prevailing wages for the work to be performed in accordance with the contract must be paid, together with money due not only for labor and material as required in the statute but also for apparatus, fixtures or machinery, and transportation with respect thereto, which are furnished for the purpose of performing such work. The question is whether, when a performance bond such as the one in this case is given, which goes far beyond the statutory provisions, recovery can be had against the principals and sureties in a suit on such bond. We have been unable to find any cases in Illinois which specifically pass upon this question.

In Board of Education v. Aetna Indemnity Co., 159 Ill App 319, the board of education engaged a contractor to work on a school building and took a bond from him, with the defendant as surety, which bond was conditioned to secure payment for labor or material furnished to such contractor. On default suit was brought on the bond. There was no statutory requirement for such a bond. The court held that the action was clearly within the condition of the bond and that to hold the bond in question valid would only be to compel the obligors to do the thing which they bound themselves to do. The court distinguishes its case from the cases of Spalding Lumber Co. v. Brown, 171 Ill 487, 49 NE 725, and Searles v. City of

44

Flora, 225 Ill 167, 80 NE 98, since in those cases the bonds contained no conditions that the obligors should pay for the labor or material furnished the contractors. In Chaffin v. Nichols, 211 Ill App 109, Nichols & Brown, defendants, agreed with the City of Flora to construct and build sewers. They were required under the statute to give a bond for the protection of the city and for those furnishing labor and material in such construction. They gave such a bond with defendant Globe Surety Company as surety. The bond provided that the obligors are held and bound to the City of Flora and "to all persons who may become entitled to liens under the contract hereinafter mentioned." The bond also provided that Nichols & Brown should pay and discharge all indebtedness that may be incurred by them in carrying out the sewer contract and complete the same free from all liens. The bond further provided that it was made for the use and benefit of "all persons who may become entitled to liens under the said contract, under the provisions of the laws of the State of Illinois, and that this bond may be sued upon the same as if to them in proper person." After the execution of the contract and bond Nichols & Brown completed the contract and the sewer was accepted by the City of Flora. During the construction of the sewer Nichols & Brown were unable to meet payments for labor and material and instead issued due bills which were purchased by the plaintiff from those who had furnished the labor and material. The suit was brought by the plaintiff upon the bond to recover the balance due him upon the said liens. The defendants urged that the action should have been brought in the name of the City of Flora and that the plaintiff had no right of action in his own name. The court said that the bond provided that it should extend to all persons who may become entitled to liens under the contract, and held that suit may be brought by them. The court says:

45

"Here is an express provision giving to each and every person entitled to a lien the right to bring an action upon this bond. This was sufficient to establish a contractual relation between persons entitled to liens and the obligors in the bond and there was by reason thereof a privity of parties. This provision is not contrary to any law and is not void on account of public policy, and we can see no reason why it should not be enforced. . . .

"Upon principle we can see no reason why a right of action should not accrue by contract, not contrary to law or public policy, as well as by statute."

The court held that the plaintiff had the right to institute suit upon the bond and recover the balance due him. Also see La Crosse Lumber Co. v. Schwartz, 163 Mo App 659, 147 SW 501.

The annotation in 77 ALR, commencing on page 21, indicates that there is considerable conflict of authority in the courts with reference to the question under consideration, and on page 83 it is stated that the great weight of authority affirms the right of laborers and materialmen to recover on a bond executed in connection with public works where the bond contains a condition for their benefit and is intended for their protection, although the public body is the only obligee named therein and there is no express provision that any third person shall have any rights therein, citing Board of Education v. Aetna Indemnity Co., 159 Ill App 319, and Board of Education v. Chicago Bonding & S. Co., 218 Ill App 20.

In 118 ALR the annotation commencing at page 57 repeats the statement in 77 ALR and cites in support Danville Hotel Co. v. Charles Benson, 262 Ill App 288, and Cherry v. Charles Benson, 264 Ill App 199, and it

46

further states that the rights of laborers and material-men to recover on a contractor's bond depend on the terms of the bond and contract under which it was executed. On page 78 it states that the majority rule is that the fact that the contractor's bond is executed pursuant to the requirements of the statute does not preclude the inclusion of obligations for the bene-fit of laborers and materialmen broader than those required by the statute, and in support cites Western Steel Casting Co. v. Edland, 187 Wash 666, 61 P2d 155, and C. S. Luck & Sons v. Boatwright, 157 Va 490, 162 SE 53. In the latter case the court says: "The statute fixed minimum requirements only for obliga-tions assumed. If the contractor and his surety prom-ised more, they cannot now be heard to complain. Also cited is McClare v. Massachusetts Bonding & Ins. Co., 266 NY 371, 195 NE 15, where a bond was given which was not required by the statute, and the court says:

"The statute and the circumstances under which the bond was issued have not changed. The only change is that the liability provided for in the bond has arisen. Under these conditions, the surety either knew the law or it cannot now plead ignorance of it and obtain the aid of a court in holding void a bond duly executed, which for the purposes of receiving premiums, it held out as valid then. Provided the bond shows an unmis-takable intention on the part of this surety to ben-efit the two classes of creditors for whose protec-tion the bond was given, this compensated surety should be estopped to deny liability now. Partic-ularly is this true when the plaintiff as one of the creditors for whose benefit this bond was given, knew of it, accepted it, relied upon it, and because of that reliance supplied labor and material to the athletic club, and thereby suffered damage."

47

In Board of Education, etc. v. Swam, 5 Ill App2d 124, 124 NE2d 554, the court stated that the intent of paragraph 15 of chapter 29 is to provide by "statutory fiat, that every performance bond for a public work shall contain as a minimum requirement, the terms herein set forth, and that it was not intended to restrict the permissible undertakings that a principal or surety might make with the obligee."

In Fidelity & Deposit Co. of Maryland v. Mason, 145 Va 138, 133 SE 793, an action was brought on a contract bond made under a statutory provision which provided that the contractor should give a bond with surety guaranteeing payment by the contractor of "all labor and material" furnished in the construction of the highway. The bond given provided that the principal "shall promptly pay all just claims . . . for labor and material, incurred by said principal in or about the construction or improvement contracted for." The plaintiff was employed by the contractor at the suggestion and upon the recommendation of the surety company after the contractor had fallen behind in his work and was without proper equipment and funds to proceed with it. The plaintiff's time, in addition to supervising the road construction work, was taken up in securing proper machinery, having the equipment on hand repaired, and in securing funds to meet the weekly payroll. The account upon which he brought action consists of items for salary, money expended for labor in removing and repairing machinery, and for his traveling expenses about the business of his employer. The court holds that the intention "of the parties in this case and in cases of similar character was, not to restrict protection to a certain class of labor, or a certain class of persons furnishing materials, but the object was to furnish credit to the contractor so that he may be able to secure all classes of labor necessary to prosecute the work and all kinds of ma-

terial essential to the performance of the work, in order that the contract might be performed, and to this end to protect all persons from whom the contractor might obtain credit for services or wares bearing a sufficiently intimate relationship to the work as to be necessary thereto. Any other construction than this would make the bond a sham and a fraud."

In Laclede Steel Co. v. Hecker-Moon Co., 279 Ill App 295, the contention was that the bond was a statutory bond and that recovery could not be had thereon because of the failure of plaintiffs to comply with the statutory prerequisites to the enforcement of such a bond. The plaintiffs' theory of the case was that since the bond that was given was broader in its coverage than the bond required by statute the plaintiffs' rights were to be determined from the provisions of the bond. The court held that the bond in question came under the provisions of the act concerning bonds of contractors who entered into contracts for construction of public works. The plaintiffs failed to allege in their complaint that they had complied with the provisions of that act with reference to the enforcement of the bond. Both the plaintiffs and the defendants agreed that had there been no statute relating to the bonds of public contractors the bond therein involved might be enforced as a common law obligation since there was nothing to prevent the giving of such a bond, and, having been voluntarily entered into and not being contrary to law, there would be nothing to prevent its enforcement. The defendants argued that the bond is a substantial compliance with the statute and that the statute does not provide that the bond "shall contain certain provisions, and none other, but that it shall be conditioned for the payment of material used in such work, and for all labor performed in such work, whether by subcontractors or otherwise; that the provisions of the statute are regarded as being incorporated in

49

the bond; that the application of the statute is not defeated by the fact that bonds contain provisions in excess of the requirement for the reason that the statute expressly contemplates the existence of such other conditions, the purpose of the statute being to afford adequate protection to subcontractors and also to provide for the protection of sureties, . . ." and they again argued that the provisions in the statute with reference to enforcement are controlling. The court says:

> "It was not the intention of the legislature to put it in the power of a contractor for the performance of public works to enter into an obligation for the faithful performance of such contract that was other and different than that provided for in the act and when default is made and suit brought to enforce such obligation to say that the political subdivision had no authority to accept any obligation other than that provided for under the act and that therefore such obligation was a statutory obligation and because the terms of that act were not complied with in regard to the enforcement of the remedy therein provided that no action could be maintained for a recovery of damages for a breach of that obligation.
>
> "Appellants executed and delivered the bond in question chargeable with knowledge that its terms and conditions were not in keeping with the provisions of the act and are bound by the terms and conditions of the obligation so entered into by them and should not be permitted to plead in defense of this action that the same is a statutory bond and because the terms of the statute have not been complied with by appellees no recovery can be had on the bond."

The court quotes from Alexander Lumber Co. v. Aetna Accident & Liability Co., 296 Ill 500, 129 NE 871, in

which case the court said: "Having been made a beneficiary under the bond, with right to sue thereon, there is privity of contract existing between it and plaintiff in error."

■ ■ In this opinion we are not attempting to interpret or construe the statute. Once the principals and sureties have given a bond which satisfies the minimum requirements provided for in the statute the statute in a sense becomes functus officio. There is nothing to prevent the parties from entering into a contract and bond which go far beyond the statutory provisions, where they are entered into by parties competent to contract and they are not prohibited by law. The rights of the plaintiff here depend upon the meaning of the contract and bond. The statutory provisions concerning mechanic's liens are not controlling in the present case. The plaintiff is not seeking to enforce a lien but is pursuing an entirely independent remedy.

■ A contract must be interpreted so as to give effect to the intention of the parties at the time the contract was made, as far as that may be done without contravention of legal principles. 12 ILP Contracts, sec 212. "The intention of the parties to a contract must be determined from the language employed in the contract, and, where there is no ambiguity, from such language alone . . . . As frequently said, where there is no ambiguity in the terms of the written contract the instrument itself affords the only criterion of the intention of the parties." 12 ILP Contracts, sec 213. The instrument must be read and considered as a whole. It is not the duty of the court to make a new or different contract for the parties, and the words in the contract must be given their ordinary, natural and commonly accepted meaning. The wisdom, fairness or folly of a contract made between parties fully competent to contract, and based upon a proper consideration, is not a matter of concern to a court where no

51

fraud or overreaching is claimed. The courts cannot relieve parties from their own imprudence in taking on undue risks. Stipanowich v. Sleeth, 349 Ill 98, 181 NE 632; Green v. Ashland Sixty-Third State Bank, 346 Ill 174, 178 NE 468; Godbersen v. Handte, 345 Ill App 505, 104 NE2d 121; Hall v. Wilson, 277 Ill App 601. In Lesher v. United States Fidelity & Guaranty Co., 239 Ill 502, 509, 88 NE 208, 210, the court held that a surety bond should be construed as a contract of insurance and that if a contract is susceptible of two interpretations the interpretation most favorable to the assured will be adopted. Where the contract is not ambiguous no question of construction arises.

■ Here there is no ambiguity in the contract and bond. The substance of the contract is incorporated in the bond, which provided that the sureties guarantee that the principals shall pay all sums of money due for machinery and transportation with respect thereto furnished to the principals for the purpose of performing such work in accordance with the provision of the contract or any additions or alterations thereto, and it further provided that the bond shall inure to the benefit of any person, firm, company or corporation to whom any money may be due from the principals, any subcontractors or other person for any such machinery so furnished, and that suit may be maintained on such bond by any such person, firm, company or corporation for the recovery of any such money. There is no rule of law prohibiting the making of such a contract and bond.

■ The defendants contend that a party selling machinery and apparatus to a contractor, where a bond such as the one before us is given, cannot recover unless the machinery was used or intended for use as a component part of the improvement. The defendants rely upon McMillan v. Joseph P. Casey Co., 231 Ill App 422. In that case suit was not brought upon a

bond but was brought for the foreclosure of a mechanic's lien under section 23 of the Mechanic's Lien Act, concerning liens pertaining to public improvements, which provides that any person furnishing material, apparatus, fixtures, machinery or labor to a contractor for a public improvement shall have a lien upon the money, bonds or warrants due or to become due such contractor for such improvement. The court holds that the plaintiff can only recover for supplies going into the structure or entirely consumed in the course of construction, or for the value of the use or improvement of tools used in the course of construction. That case is not applicable to count one of the plaintiff's second amended complaint, which is based on the contract and bond.

The defendants also cite and quote from Clifton v. Norden, 178 Minn 288, 226 NW 940, 67 ALR 1227. In that case the bond was given under the requirements of a statute which provided that a bond should be given for the use of the county and of all persons doing work or furnishing skill, tools, machinery, or materials, insurance premiums, equipment or supplies for any camp maintained for the feeding or keeping of men and animals engaged under, or for the purpose of, such contract, and the bond is so conditioned. In that case the court stated: "Decision is not controlled, as in the case of the ordinary written contract, by what the parties themselves may have contemplated as being within the bond. Its language is that of statute, and the question [is], what did the Legislature mean?" The court takes the view that the law was not intended to permit recovery by a contractor who went on the job with a run-down outfit and have it rebuilt at the expense of the sureties, and that recovery could not be had for the purchase price of contractor's equipment unless it is of a kind which was to be used only on the job in question and is wholly consumed thereon or at

53

least consumed to the extent that there was no residual use or value except salvage. In that case the bond given was one required by the terms of the statute. The case is not applicable to our situation because here the bond was a voluntary bond given by the principals and sureties over and beyond the statutory requirements. As the court points out in its opinion, a different rule of construction must be applied where the bond is given as a voluntary act of the principals and sureties from that which would be applied where the bond is compelled to be given by a statutory provision. Even under the strict construction provided for in those cases the first count of plaintiff's second amended complaint states a cause of action, since the plaintiff in that count alleges that in reliance on the contract, the payment bond and Wyant's contract as subcontractor, it furnished the machinery to be used and that it was in fact used for the purpose of performing the work in accordance with the provisions of the principals' contract, and also alleges that the machinery was such that its normal life for the use for which it was designed would be practically consumed by its use in and about the performance of the contract. It is true that the authorities are in conflict as to whether a bond, given in compliance with the statute but broader in its terms than required by the statute, can be enforceable as to the additional provisions not required by the statute. Nevertheless we think that the view we have taken here has a sound legal basis and is consistent with the Illinois decisions where somewhat similar questions have been raised.

Under our view of the case and under the provisions of paragraph 15 of chapter 29, the Toll Highway Commission, if it saw fit, could require the principals and sureties in the bond to guarantee payment for more than labor and material as provided in the statute, and could require other guarantees. There

54

seems to be a reasonable basis for the Toll Highway Commission to require both the principals and sureties to guarantee the payment of a prevailing rate of wages and that payment should be made for all machinery furnished for the purpose of performing such work. The commission was interested in getting the work done expeditiously. The one provision was to prevent the possibility of a suspension of work caused by labor trouble, the other to prevent the work being delayed on account of interference by an unpaid seller of such machinery.

The first count of the plaintiff's second amended complaint stated a cause of action.

█ In count two of its second amended complaint the plaintiff seeks to recover the "injury or depreciation" to the equipment. That amount, according to the plaintiff's theory, would be determined by ascertaining the extent to which the equipment was consumed or used in the construction project. In count three the plaintiff seeks to recover the "use or rental" value of the equipment, the theory being that a valuable portion of the life of the machinery was used in this project and therefore it was consumed in or became a part of the improvement. We have held that count one of plaintiff's complaint stated a cause of action. The bond and contract under the statute are broad enough to support the alternative pleading contained in counts two and three.

█ The defendants have urged that the plaintiff has no right to recover because it made a conditional sale of the machinery to Wyant, and they argue that under the mechanic's lien law a lien cannot be claimed when goods are sold under a conditional sales contract. We have already pointed out that the mechanic's lien laws are not in issue. The argument is not tenable.

The judgment order of the Circuit Court of Cook County dismissing plaintiff's second amended com-

55

plaint and dismissing the suit is reversed, and the cause is remanded for the court to fix a time for the filing of answers by the defendants and to take such other and further proceedings as are not inconsistent with this opinion.

Reversed and remanded.

DEMPSEY, P. J. and SCHWARTZ, J., concur.